## PHINEAS R. WESTON & another *vs.* NATHANIEL WESTON & others.

### Essex. January 19. — August 31, 1878.

A testator, by his will, after giving certain real estate to his widow in fee, with all his furniture, and a certain sum in trust for the support of a deceased son's wife and children, devised the residue of his estate in trust to support his widow out of the income during her life, to pay a certain annuity to his son and daughter "during the continuance of this trust," to add the surplus income to the residue, to permit his deceased son's widow to occupy a certain dwelling-house free of rent during her widowhood, and, "as soon as may be after the decease of my said wife, my said trustees or their successors shall convey, transfer or pay to my son and daughter, in equal shares, all the estate here given in trust, if they both survive my said wife, subject to the right of the widow of my said son, deceased, to occupy as aforesaid said tenement in my said house during her widowhood. In case either of them should die in the lifetime of my said wife, leaving no issue, the said estate given in trust shall be transferred or conveyed to the survivor, subject to the same right of my said son's widow." The son survived the widow, and the daughter, who was married after the death of the testator, died before her, leaving a son and a husband, who was appointed her administrator. *Held*, that the testator's son and daughter each took a vested equitable remainder in the residue, expectant on the termination of the widow's life estate, and liable to be divested only by the death of either of them in the widow's lifetime without leaving issue; that the son was entitled to one half of the residue, and the daughter's administrator to the other half; and that the daughter's annuity ceased with her death, her administrator being entitled to the proportional part thereof for the time between the last payment to her and her death.

BILL IN EQUITY by the trustees under the will of Nathaniel Weston, against Nathaniel Weston, a son of the testator, Charles T. Jenkins, the administrator of the testator's daughter, Lawrence W. Jenkins, the daughter's only child, and the children of Edward Weston, a deceased son of the testator, to obtain the

instructions of the court. Hearing on bill and answers, before *Lord*, J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*J. A. Gillis & J. H. Fiske*, for Nathaniel Weston.

*S. Lincoln, Jr.*, for Charles T. Jenkins.

*S. B. Ives, Jr.*, for Lawrence W. Jenkins.

*J. B. F. Osgood*, for the children of Edward Weston.

SOULE, J. The testator, by his will, gave certain real estate to his widow in fee, with all his furniture. He then gave to trustees the sum of forty thousand dollars for the benefit of the children of his deceased son Edward. The residue of his estate he gave to trustees, on the trusts, first, to support his widow out of the income during her life; second, to pay an annuity of one thousand dollars to each of his surviving children, Nathaniel and Lucy, "during the continuance of this trust;" third, to add any surplus income to the "residue;" fourth, to permit the widow of his son Edward to occupy a certain dwelling-house free of rent during her widowhood; and fifth, as follows: "As soon as may be after the decease of my said wife, my said trustees or their successors shall convey, transfer or pay to my son and daughter, in equal shares, all the estate here given in trust, if they both survive my said wife, subject to the right of the widow of my said son, deceased, to occupy as aforesaid said tenement in my said house during her widowhood. In case either of them should die in the lifetime of my said wife, leaving no issue, the said estate given in trust shall be transferred or conveyed to the survivor, subject to the same right of my said son's widow." The testator died on November 6, 1868. His widow died on April 25, 1877. His son Nathaniel is living. His daughter Lucy, who was married after her father's death, died on March 22, 1874, her husband, Charles T. Jenkins, and her son, Lawrence W. Jenkins, surviving her. They are still living, and Charles T. has been appointed administrator of her estate. The trustees under the will ask the instructions of this court as to the construction of the clause of the will, above quoted; and as to the question whether the annuity to Lucy terminated with her life, or was payable after her death to her son or administrator

As to the last named question, it is clear that the annuity ter·minated with the life of Lucy.  The clause creating it, being without words of inheritance or succession, must be construed as giving an annuity during the life of the widow of the testator, that being the term of the trust, if Lucy should live so long, and if she should not, for her own life only.  But the annuity is within the provisions of the Gen. Sts. *c.* 97, § 24, and the administrator of Lucy's estate is entitled to a proportional part for the time between the last payment to her and the date of her death.  *Bates* v. *Barry, ante,* 83.

The other question is of much greater importance.  It is contended by the children of Edward Weston that the whole residue should be distributed as intestate estate ; by Nathaniel, that one half of said residue is his, and that the other half should be distributed as intestate estate ; by Lawrence W. Jenkins, that he is entitled to one half the residue, as a remainder by implication ; and by Charles T. Jenkins, that he is entitled, as administrator of the estate of Lucy, his wife, to the half of the residue which she would have taken if she had survived her mother, the widow of the testator.

The intention of the testator is to determine the construction of the clause under consideration, and is to be ascertained from the will as a whole.  And it is evident from the whole instrument that, after setting apart the sum of forty thousand dollars for the children of his son Edward, providing for Edward's widow and for his own wife, the testator had in mind as beneficiaries, in disposing of the residue of his estate, only his son Nathaniel and his daughter Lucy.  It is presumed, also, that he did not intend to leave any part of his estate intestate.  It was argued that the language employed, requiring the trustees to convey to the son and daughter in equal shares if they should both survive the testator's wife, gave to them a contingent estate only, which failed to vest by reason of the death of Lucy during the life of the testator's wife, and that the gift of the whole residue to the survivor, if either died during the lifetime of the testator's wife, leaving no issue, failed to vest, because Lucy left issue, and the contingency contemplated did not occur.  This is a forced and unnatural construction.  The two parts of the provision disposing of the residue are not to be regarded as separate

and independent matters, but are to be taken together, the one as qualifying the other. Thus taken, they show clearly that it was not intended that the interest of either the son or daughter should depend on both surviving the testator's widow, but rather that the residue should go to the son and daughter; and, in order that no part of it should in any event go to any one else than them or their children, it was added that if either should die before the testator's widow, without leaving issue, the other should take the whole. The words, "if both survive my said wife," are to be regarded as qualifying the previous words, "in equal shares," and not as affecting the vesting of the gift. It is impossible to suppose that the testator intended that, if one died without issue, the other should take the whole, but that, if one died leaving issue, the other should be left to take a distributive share equally with all the next of kin, while, if both survived, the two were to take the whole.

We are of opinion that the will gave to Nathaniel and Lucy each a vested equitable estate, expectant on the termination of the life estate of the testator's wife, and liable to be divested only on his or her death during the life of the testator's wife, without issue. The interest in the residue was given by the will, not by the conveyance from the trustees. Such conveyance is necessary only to make that a legal estate or interest which, under the will, and prior to the conveyance, was an equitable interest. It was an equitable remainder after the equitable life interest of the testator's wife, and vesting immediately on the death of the testator. *Phipps* v. *Ackers*, 9 Cl. & Fin. 583. *Ackers* v. *Phipps*, 3 Cl. & Fin. 665. *Phipps* v. *Williams*, 5 Sim. 44.

As the event by which alone the estates of Nathaniel and Lucy could be divested never occurred, it follows that Nathaniel is entitled to one half the residue, and that the administrator of Lucy is entitled to the other half.            *Decree accordingly.*