PHINEAS R. WESTON & another, trustees, *vs.* CHARLES 1. JENKINS.

Essex.  January 27. — June 25, 1880.  COLT & LORD, JJ., absent.

A testator gave the residue and remainder of his estate to trustees in trust to keep the same, "with so much of its accumulations as may be added thereto," at interest, and to pay to his wife "such part of the interest or income of the same as in her opinion she may need, or as she may from time to time signify to them a desire to receive, for her use or benefit during her natural life, it being my will that she shall always have at her command, so long as she shall live, as much of said interest or income as may seem to her desirable." He then provided that the trustees should pay $500 to each of his two children semi-annually, and that "such part of said interest or income as may not be needed to pay said sum to each of my said children semiannually, and to supply the wants of my said wife during her life, shall, from time to time, when received, or when on hand, be added to said residue and remainder of my estate here given in trust," with remainder in fee to the children, after the death of the wife. The will also contained this clause: "Having provided as above that my said wife shall receive, or have at her command, at all times, so much of the interest or income of the estate here given in trust as she may need to meet all her wants of whatever nature that may at any time during her life arise, and so much thereof as may seem desirable to her for her own personal benefit, and for all other purposes to which she may be disposed or have occasion to apply the same; it is my will that my said son and daughter remain with their mother in her family so long as may be agreeable to them, and that no charge

be made against either of them for board." *Held,* that the widow was entitled to call for and receive the entire income of the estate, at least after deducting the annuities to the children, although her entire personal and household expenditures did not exceed one fourth part of the income.

A trustee under a will, who is directed therein to pay the entire income of a fund to A. for life, with an annuity to B. during the continuance of the trust, and who, after the death of B., pays the annuity to his legal representatives, by the direction of A., out of the income, may credit himself with it in his account, although, by the true construction of the will, the annuity terminated on the death of B.

APPEAL by Charles T. Jenkins from a decree of the Probate Court allowing the ninth account of the trustees under the will of Nathaniel Weston. The case was heard by *Ames,* J., and reported for the consideration of the full court, in substance as follows:

The testator, in his will which was duly admitted to probate in December 1868, by the first article gave certain real estate to his widow in fee, with all his furniture. By the second article, he gave to trustees the sum of $40,000 for the benefit of the widow and children of a deceased son. The material parts of the third article were as follows:

"Third. To my said trustees and their executors and administrators, I give and devise all the residue and remainder of my estate upon the special trust here following. They and their successors shall keep the same, with so much of its accumulations as may be added thereto, at interest, or invested in such manner as they may judge best, with power to sell or purchase real estate at any time and to change any investment at their discretion; and they or their successors shall pay to my wife such part of the interest or income of the same as in her opinion she may need, or as she may from time to time signify to them a desire to receive, for her use or benefit during her natural life, it being my will that she shall always have at her command, so long as she shall live, as much of said interest or income as may seem to her desirable; and they or their successors shall also pay to my said son Nathaniel Weston and my daughter Lucy D. Weston five hundred dollars each semiannually during the continuance of this trust, such part of said interest or income as may not be needed to pay said sum to each of my said children semiannually, and to supply the wants of my said wife during her life, shall, from time to time, when received or when on hand,

be added to said residue and remainder of my estate here given in trust." "As soon as may be after the decease of my said wife, my said trustees or their successor shall convey, transfer, or pay to my son and daughter in equal shares all the estate here given in trust, if they both survive my said wife." "In case either of them should die in the lifetime of my said wife, leaving no issue, the said estate given in trust shall be transferred or conveyed to the survivor." "Having provided as above that my said wife shall receive or have at her command at all times so much of the interest or income of the estate here given in trust as she may need to meet all her wants of whatever nature that may at any time during her life arise, and so much thereof as may seem desirable to her for her own personal benefit and for all other purposes to which she may be disposed or have occasion to apply the same, it is my will that my said son and daughter remain with their mother in her family so long as may be agreeable to them, and that no charge be made against either of them for their board."

By the last clause of the will the persons named as trustees were appointed executors.

The testator left a widow, Christiana Weston, a son, Nathaniel, a daughter, Lucy D. Weston, and the representatives of a deceased son. Lucy D. married the appellant on July 31, 1869, removed from her mother's house, and died intestate on March 22, 1874, leaving a minor son, Clarence W. Jenkins, born December 23, 1872. The appellant was duly appointed administrator of her estate and guardian of the minor son.

The executors filed and settled their first and final account on January 1, 1870, and added $6191.76 to the principal from income not called for by Mrs. Weston. The estate, so augmented, was transferred by the executors to themselves as trustees, and Mrs. Weston thereupon signified her intention to draw the entire net income of the trust estate in future; and thereafter from time to time in each year, at her request and upon her receipt, the net income as it accrued was paid to her by the trustees, with the exception of a trifling balance in each year which was added to the principal of the trust fund. The amount of the income was about $15,000 a year, and the greater part thereof, after its receipt by her, was invested by her with the

knowledge of the trustees, one of them acting as her attorney in making the investments. The entire personal and household expenditures of Mrs. Weston were on a very moderate scale, and did not exceed a fourth part of the income so received by her, and this was known to the trustees. Mrs. Weston died testate on April 25, 1877, having accumulated and invested about $70,000 out of the income received as above stated. The trustees filed annual accounts in January of each year from the date of their appointment, showing in each account the amounts of income received and the payments as above stated made to Mrs. Weston.

The appellant contends that Mrs. Weston should not have been paid the entire net income, but only such amounts as she used for purposes other than investment, and that the amounts overpaid ought to be charged to the trustees, either in their ninth account, or by reopening the previous eight accounts.

The trustees paid out of the income to Nathaniel Weston and Lucy D. Weston five hundred dollars each, semiannually, during the continuance of the trust, and these annuities were duly paid and credited to the trustees in their annual accounts up to the death of Lucy D. Jenkins. After her death, the amount of the annuity apportioned to the time of her death was paid to the appellant as her administrator. From that time the annuity was paid to the appellant as guardian of Clarence W. Jenkins, and the payments were so charged in the several accounts approved as aforesaid. The appellant gave his receipts for these payments, signing as administrator or guardian according to the fact, in every case except one, in which he signed in his individual capacity a receipt for $500 charged to him as guardian. Before making these payments, the trustees, being in doubt whether the annuity to Mrs. Jenkins continued in force after her death, after presenting the facts and the question to Mrs. Weston, obtained from her a release under seal of all her interest in the legacy to Lucy D., to the time of her own death, and a direction to them to pay the legacy to the child of Lucy D. for such time as by the will it would have been paid to Lucy D. The appellant contended that the payments so made to him of amounts accruing after the death of his wife were improperly made, and should be charged back to the trustees in this account.

*S. B. Ives, Jr. & S. Lincoln, Jr.*, for the appellant.

*W. G. Russell & G. Putnam*, for the appellees.

SOULE, J.    After certain legacies, the testator gave, by his will, the residue of his estate to trustees, in trust, among other things, to pay to his widow "such part of the interest or income of the same as in her opinion she may need, or as she may from time to time signify to them a desire to receive, for her use or benefit during her natural life; it being my will that she shall always have at her command, so long as she shall live, as much of said interest or income as may seem to her desirable." He then provided for an annuity of one thousand dollars each to his son and daughter, during the continuance of the trust, which was to terminate on the death of the widow.

Under the provision in her behalf, the widow was entitled to demand and receive from the trustees the whole income of the "residue," after payment of the annuities to the son and daughter, and to make such disposition of it as she saw fit. It was to be paid to her for her own use and benefit, and not upon any trust, nor with any remainder over. The provision for accumulation was to be operative only in case she did not call for the whole income. The phrase, "not needed to supply the wants of my said wife," in that provision, is not to be regarded as intended to restrict the gift of the income in the previous clause, but is to be interpreted as a comprehensive expression covering the right given to the widow to call for such part of the income as she might elect to appropriate. This is the only interpretation which is consistent at once with the terms of the clause in which her right to the income is created, and the terms of the later clause in which the testator recites that he has provided that she "shall receive and have at her command at all times so much of the income of the trust fund as she may need to meet all her wants of whatever nature that may at any time during her life arise, and so much as may seem desirable to her for her personal benefit, and for all other purposes to which she may be disposed or have occasion to apply the same."

It appears by the report that, until January 1870, the widow failed to call for the whole amount of the income, and that the surplus which had accumulated was then added to the principal sum, and the whole trust fund was then transferred by the execu-

tors to the trustees. The widow thereupon signified her intention to draw the entire net income in future, and thereafter she did draw and receipt for substantially the whole, from year to year. The payments to her by the trustees were in accordance with their duty, and were properly allowed in their accounts.

The payments of the amount of the annuity to the daughter of the testator, made after her death, were not authorized as payments of the annuity, because the annuity died with the annuitant named in the will. *Weston* v. *Weston*, 125 Mass. 268. They were made out of the income of the trust fund which belonged to the widow, and at her request. They were made, therefore, to her, and the amount was properly chargeable by the trustees to the income, and was properly allowed in their account.

We find no error in the decree of the Probate Court, allowing the account of the trustees, and the entry must be

*Decree of Probate Court affirmed.*