JAMES E. DODD & another, trustees, *vs.* J. P. C. WINSHIP, guardian.

Suffolk. March 27. — Sept. 7, 1882. ENDICOTT & FIELD, JJ., absent.

Property was devised to trustees in trust to invest and hold it and pay over the net income to the testator's widow during her life, and on her decease to pay over the principal to the children of the testator, the issue of any deceased child to take by right of representation. While the widow was living, the trustees allowed a son of the testator to appropriate to his own use a portion of the income. This son died before the widow. *Held,* that, in settling their account in the Probate Court with the remaindermen, the trustees could not credit themselves with the sum thus appropriated by the son, as part of the estate coming to his children.

W. ALLEN, J. The appellants, trustees under the will of John Hooper, were to hold and invest the estate and pay over the net income to Mrs. Hooper during her life, and at her decease to pay over the principal to the children of the testator, " the issue of any deceased child to stand in their parent's stead and receive their parent's share." Mrs. Hooper died in 1873, and the trust

for her benefit then terminated, and the estate was thereafter held in trust to pay over the remainders. In settling the account of that trust, the trustees ask to be allowed, as part payment of the remainder which belongs to the children of Dwight S. Hooper, a son of the testator, the amount of a sum received by him, before his death in 1871, and interest thereon. The money received by him was income of the estate, which he was allowed by the trustees to keep and appropriate to his own use.

This cannot be treated as a payment to him of a part of his estate in remainder, because the money did not belong to that estate, but to Mrs. Hooper. The sum for which they ask allowance is in their hands as part of the estate in remainder, and the effect of allowing it would be to appropriate to their own use a portion of the share of the remainder given to Dwight S. Hooper. They cannot claim a right in the remainder as assignees of Dwight S., for, apart from the question of their authority to take such an assignment, the facts do not show any assignment, express or implied. Neither do we think that the transaction created a debt which can be set off against the share. The trustees were then acting as trustees for Mrs. Hooper, as well as for the remaindermen. As trustees for her, it was their duty to pay the income to her. They allowed Dwight S. to take and appropriate to his own use the income which belonged to her.

It is argued that this transaction created a debt to the trustees, either in their capacity as trustees for Mrs. Hooper, or personally, which would give them a right of retainer or set-off against Dwight S., and that his interest in the remainder was vested, so that his share passed to his heirs or personal representatives, and the account is to be settled as if he were living. But if he took the entire and absolute interest in his share, and if the transaction created a debt from him to the trustees, both fiduciary and personal, such debt would constitute no proper item in this account. If there is a debt due to the trustees, it is as trustees for Mrs. Hooper, and not for the remaindermen. The trust for her was a distinct trust, and was long since determined, and the fact that the trustees now accounting were also trustees for her does not make them parties to the account in

such capacity.    So a debt from Dwight S. to the trustees personally is foreign to their account as trustees.    They cannot, by becoming his creditors, acquire a right to retain a part or the whole of his share in the remainder when accounting for that as trustees.    Such debts show no payment from the estate, and give the trustees no right of retainer or of set-off, in rendering their account.    The account is intended to show the condition of the estate.    It is the account of the trustees with the estate, and does not involve their personal account with a remainderman, or the state of their accounts with other trusts; and no provision is made for the trial of any disputed claims, or jurisdiction given for determining any equitable rights they may assert against him.    Whatever rights of that nature a trustee may have are not involved in the settlement of his account in the Probate Court.                    *Decree of the Probate Court affirmed.*

*E. D. Sohier & C. A. Welch,* for the appellants.

*C. T. Russell & W. E. Russell,* for the appellee.