JAMES E. DODD & another, trustees, *vs.* J. P. C. WINSHIP, guardian.

Suffolk. March 14. — May 9, 1887. FIELD, C. ALLEN, & GARDNER, JJ., absent.

Under the Pub. Sts. *c.* 144, § 9, if a trustee under a will, through inadvertence and without any fault on his part, errs in stating in an account filed by him that a certain sum paid to one of the *cestuis que trust* was a part of the income of the trust fund, instead of a part of the principal, the Probate Court, or, upon appeal, this court, may grant the trustee leave to reopen the account and correct the error, if it is material.

Property was devised to trustees in trust to invest and hold it and pay over the net income to the testator's widow during her life, and on her decease to pay over the principal to the children of the testator, the issue of any deceased child " to stand in their parent's stead, and receive their parent's share." While the widow was living, the trustees allowed a son of the testator to appropriate to his own use a portion of the principal of the trust fund. This son died before the widow. *Held*, that the children of the testator took vested interests liable to be devested upon their death before their mother; and that the trustees, in settling their account in the Probate Court with the son's children, could not credit themselves with the sum thus appropriated by the son, as part of the estate coming to his children.

APPEAL, by the trustees under the will of John Hooper, from a decree of the Probate Court, disallowing two items in a supplemental account of the appellants. Hearing before *Gardner*, J., who reported for the consideration of the full court the following case.

John Hooper died in 1854, leaving a widow and six children, among the latter, Dwight B. Hooper. By his will he gave the residue of his property to the appellants as trustees, with directions to invest and hold it, and to pay to his widow " the net rents, income, dividends, and profits thereof during her life," and, at her decease, " to pay, convey, and assign the trust property to and among my children, their heirs, personal representatives, and assigns, in equal proportions, the issue of any deceased child to stand in their parent's stead and receive their parent's share."

Dwight B. Hooper died in 1871, and the testator's widow in 1873. After the death of the widow, the trustees returned an account, and in it they credited themselves and charged to the children of Dwight B. Hooper the sum of money, $872 and interest, called in this account income, and interest received by him. The judge of probate disallowed these items; and, on appeal to this court, the court found that, during the lifetime of the widow, Dwight B. Hooper collected at sundry times certain rents or other income belonging to said estate, amounting in all to the sum of $872, and kept and appropriated the same to his own use, and was allowed to do so by the said trustees; and that afterwards, during the lifetime of the widow, Dwight B. Hooper died, leaving six minor children, and in 1879 this account, as a final probate account, was filed by the trustees, in which they credited themselves and charged to the children of Dwight B. Hooper the sums of money so received by him, and interest on the same, making the two items of the account disallowed by the Probate Court. The court affirmed the decree of the Probate Court, on the ground that it was income. 133 Mass. 359.

The trustees then filed the present supplemental account, in which they stated that the sum of $872 was principal, being the sum received by Dwight B. Hooper from the Saco Water Company, without authority from the trustees, when that company was wound up and the property divided; that it was then

applied by him to his own use, the former entry calling it income being an error.  The appellants offered evidence tending to show that this sum was principal, collected, as stated in the account, from the Saco Water Company, and was not income; and that the entry in the original account was made by error, and inadvertently.  Upon objection by the appellee, the judge excluded the evidence, and affirmed the decree of the Probate Court.

*C. A. Welch*, for the appellants.

*W. E. Russell*, for the appellee.

MORTON, C. J.  The question whether the appellants are entitled to charge in their account against the children of Dwight B. Hooper the sum of $872, received by said Hooper in his lifetime, and interest thereon, was adjudicated in the case of *Dodd v. Winship*, 133 Mass. 359.  In that case it appeared that the sum received by said Hooper was a part of the income of the trust fund.  The court dealt with the case before it, and decided that, being a part of the income, it belonged to Mrs. Hooper, and could not be charged against the children in the probate accounts with them.  The trustees have filed another account, in which they credit themselves with the same sum and interest, alleging that it was a part of the principal of the trust fund.

The first question is whether the prior adjudication is a conclusive bar to their right to do this.  Under our system of probate proceedings, great latitude is allowed in reopening and correcting errors in the accounts of executors, guardians, and trustees.

The statute provides that, " upon the settlement of an account, all former accounts of the same accountant may be so far opened as to correct a mistake or error therein; except that a matter in dispute, which has been previously heard and determined by the court, shall not without leave of the court be again brought in question by any of the parties to such dispute."  Pub. Sts. c. 144, § 9.

It seems therefore, that if the appellants, through inadvertence, and without any fault on their part, erred in admitting that the amount appropriated by Dwight B. Hooper was a part of the income, the Probate Court, or, upon appeal, this court, could grant them leave to reopen the account and correct this

error, if it was material. *Blake* v. *Pegram*, 101 Mass. 592; and 109 Mass. 541.

But it is not necessary to investigate or consider whether the alleged mistake in the first account was an excusable one, because. it is not material. Whether the amount appropriated by Hooper was income or principal, the result is the same.

By the will of John Hooper, he gave the residue of his property to the appellants as trustees, to pay the income to his widow during her life, and "at her decease to pay, convey, and assign the trust property to and among my children, their heirs, personal representatives, and assigns, in equal proportions, the issue of any deceased child to stand in their parent's stead and receive their parent's share." Under this devise, the children of the testator took interests which vested at his death. *Gibbens* v. *Gibbens*, 140 Mass. 102. The material question is as to the extent and quality of such interests.

The testator's clear intention was to postpone the possession and enjoyment of the estate by his children until the death of the widow, so that Dwight B. Hooper had no right of possession or enjoyment of any part of his share during his mother's life. It is not a reasonable construction of the clause we are considering, that the words "the issue of any deceased child" refer only to the issue of any child who died before the testator. He is speaking of the time of the decease of the widow, the time of the final distribution of the property, and the meaning is the same as if he had said "at her decease the trustees are to pay and convey the property to and among my children in equal proportions; but if any child be then deceased, leaving issue, such issue are to take the share their parent would have taken if then living."

It was the intention of the testator, not merely to postpone the enjoyment to the period of distribution, but to create a condition subsequent, that if any child died before the widow, leaving issue, such issue should take under the will as substituted legatees. The case falls within that class of cases where it is held that a devise creates a vested interest determinable by some future condition or contingency. *Blanchard* v. *Blanchard*, 1 Allen, 223, and cases cited. *McArthur* v. *Scott*, 113 U. S. 340. Dwight B. Hooper took a vested estate liable to be devested

and defeated if he died before his mother, leaving issue. He could assign it, but his assignee would take the estate subject to the same contingency. *Putnam* v. *Story*, 132 Mass. 205. *Dunn* v. *Sargent*, 101 Mass. 336. Neither he nor the trustees could enlarge his interest, or defeat the interest of his issue. In the contingency which has happened, they are entitled under the will to that share of the principal of the fund which would have come to their father, if he had survived his mother. If the trustees purposely or negligently allowed Dwight B. Hooper to appropriate a part of this fund, it was a breach of trust, and they cannot charge it in their account against his children, thus defeating their rights and the intentions of the testator. *Cowdin* v. *Perry*, 11 Pick. 503.                               *Decree affirmed.*