WILLIAM WEBSTER, executor, *vs.* JOSIAH A. ELLSWORTH.

Suffolk.   November 23, 1888. — November 26, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Devise of Remainder — Curtesy.*

A testatrix, by her will, gave the residue of her estate, subject to a life estate in her husband, to various persons, and provided that the share of any legatee who should die before the testatrix's husband leaving no issue should be distributed among the other legatees. A legatee and her husband had a child born alive, which died, and subsequently the legatee herself died before the husband of the testatrix. *Held*, that the surviving husband of such legatee had no estate by the curtesy, and took nothing as her representative.

APPEAL, by Josiah A. Ellsworth, from a decree of the Probate Court allowing the account of the executor of the will of

Anna Rowe. The will contained the following provisions which alone are material:

" 3. I constitute and appoint William Webster, attorney at law, now of 28 State Street, Boston, as executor and trustee under this will. . . . 4. I give, bequeath, and devise all the remainder of my property, real, personal, or mixed, of which I shall die seised and possessed, or to which I shall be entitled, to my said trustee, to hold the same in trust for my said husband during his natural life. 5. I give and bequeath out of the remainder of my property remaining at my husband's death [Here followed two small bequests]. 7. I give, bequeath, and devise all the remainder of my property, after payment of the above bequests, . . . one sixteenth to Mrs. Elsworth, wife of Josiah Elsworth. . . . If at the time of my said husband's decease, or at my decease, if he shall not survive me, any of the legatees named in this seventh clause shall have deceased, leaving issue surviving at that time, such issue shall have the parent's share by representation. The shares of such as shall at that time have deceased, leaving no issue, shall be distributed among the other legatees above named, and the issue then living of any deceased legatee by right of representation according to their several proportions above set forth."

At the hearing, before *W. Allen*, J., it appeared that the testatrix died on June 4, 1886; that Jane M. Ellsworth, the wife of Josiah A. Ellsworth, who was the person called " Mrs. Elsworth, wife of Josiah Elsworth," in the seventh clause of the will, died on June 9, 1886, leaving no issue surviving; that Philip C. Rowe, husband of the testatrix, died on July 13, 1886; that Josiah A. Ellsworth and Jane M. Ellsworth, who were married in 1863, had but one child, which died before the testatrix; and that Josiah A. Ellsworth was appointed administrator of his wife's estate.

The appellant contended, among other things, that he was entitled to curtesy in one sixteenth of the real estate of the testatrix, as well as to a portion of the balance of the account, either in his own right or as such administrator.

The judge disallowed the appellant's claim, and ordered the decree of the Probate Court to be affirmed, and the case to be remanded; and the appellant alleged exceptions.

*C. Lamson*, for the appellant.

*W. Webster*, *pro se*, was stopped by the court.

HOLMES, J. The limitation of one sixteenth of the residue to Mrs. Ellsworth, after payment of certain legacies, was a remainder, subject to the life estate of the testatrix's husband, Philip C. Rowe, who did not die until after Mrs. Ellsworth. For this reason, without going further, Mrs. Ellsworth's husband took no estate by the curtesy. *Shores* v. *Carley*, 8 Allen, 425, 426. Even if he had a right which would have passed to assignees in insolvency, (*Gardner* v. *Hooper*, 3 Gray, 398, 405,) it could not be greater than the right of his wife to which it was incident, and therefore was subject to the contingency of her remainder vesting in possession, which it never did. Assuming, in favor of the appellant, without deciding, that the remainder to Mrs. Ellsworth was a vested remainder in fee, still it was subject to be divested, and was divested by her death before Philip C. Rowe, the life tenant, leaving no issue living at that time. Therefore Mrs. Ellsworth's husband took nothing as her representative. *Blanchard* v. *Blanchard*, 1 Allen, 223, 230. *Dodd* v. *Winship*, 144 Mass. 461. Gray, Perpetuities, § 108. The principle of *Kelley* v. *Meins*, 135 Mass. 231, and of *Welsh* v. *Woodbury*, 144 Mass. 542, 545, has no application to a divesting clause of the kind before us, which is as familiar as any provision used by conveyancers.　　　　　*Exceptions overruled.*