CALEB W. LORING *vs.* HARRIET CARNES & others.

Essex.    November 8, 1888. — January 2, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Devise in Trust — Vested Remainder.*

A testatrix, by her will, gave one half of the residue of her estate to a trustee, in trust for the sole use of a nephew's wife during her life, and at her death to permit the nephew to enjoy the income during his life, "and at his decease to transfer and convey the said trust estate to his children and their heirs." *Held*, that the nephew's children took estates, vesting at the testatrix's death, which they could assign or devise.

BILL IN EQUITY, filed June 2, 1887, by the trustee under the will of Mary Wadsworth, against the descendants of Francis Carnes, her nephew, the administrator of Henry N. Carnes, his son, Charles R. Weeks, trustee of Emmeline C. Baxter, his grandchild, and the Central Trust Company of New York, for instructions as to the distribution of a trust fund.   The case was heard by *C. Allen,* J., who reported it for the consideration of the full court, in substance as follows.

The testatrix died in 1843, leaving a will, dated April 4, 1840, in which, after trifling legacies to various persons, she gave the

residue of her estate to her nephews, Francis Carnes and Na-
thaniel G. Carnes, one half to each absolutely. In a codicil to
this will, dated January 19, 1842, after reciting the revocation
of that portion of her will in which she gave the residue of her
estate to her nephews, and after making provision for Nathaniel
G., she directed the transfer of one half of the residue of her
estate to a trustee, " to hold to him and his heirs and assigns in
trust for the sole and separate use of Emma E. Carnes, wife of
said Francis, independently of any husband, during her natural
life; and at her decease to permit the said Francis to use,
receive, and enjoy the income accruing therefrom during his
natural life, and at his decease to transfer and convey the said
trust estate to his children and their heirs."

At the death of the testatrix, Francis Carnes had seven chil-
dren living, one only of whom, Francis John Carnes, died before
him, in 1846, without issue, leaving all his property in trust by
will. Emma E. Carnes died after her husband, in 1886. In
1874, Emmeline C. Baxter, the child of a deceased daughter of
Francis Carnes, as party of the first part to an indenture, which
recited among other things that she was entitled to " a rever-
sionary interest " in the estate of her uncle, Francis John
Carnes, conveyed " all and singular the property and estate,
both real and personal, in possession, reversion, or remainder
wheresoever and whatsoever belonging to her, said party of the
first part, or in or to which she has any right, title or interest,
property, estate, claim, or demand whatsoever at law or in
equity," to a trustee.

The Central Trust Company, as trustee under the will of
Francis John Carnes, contended that the estate of the testa-
trix so vested that a distributive share passed to it as such
trustee.

Charles R. Weeks, as trustee of Emmeline C. Baxter, con-
tended that her share in the trust fund passed to him under the
indenture.

If the testatrix's estate so vested that a distributive share
passed under the will of Francis John Carnes to his trustee,
and under the indenture of Emmeline C. Baxter to her trustee,
the estate was to be distributed among the children of Francis
Carnes and their heirs, the share of Francis John passing to

the Central Trust Company, trustee, and that of Emmeline C. Baxter to Charles R. Weeks, trustee; otherwise, it was to be distributed among such children and their heirs, to the exclusion of such trustees.

*W. F. M. Collins*, for the administrator of Henry N. Carnes.

No counsel appeared for the other respondents.

MORTON, C. J.  By her will, the testatrix gives one half of the residue of her estate to a trustee, " in trust for the sole and separate use of Emma E. Carnes, wife of said Francis, independently of any husband, during her natural life, and at her decease to permit the said Francis to use, receive, and enjoy the income accruing therefrom during his natural life, and at his decease to transfer and convey the said trust estate to his children and their heirs."  This gives an equitable life estate to Mrs. Carnes, and to her husband if he survives her, with a remainder to his children.  The children are not to come into the enjoyment of the estate until the death of the life tenants, but, according to the uniform course of our decisions, the estate vested in them at the death of the testatrix.  The rule is the same in regard to legal as to equitable estates, and it is well settled that, under like provisions, the estate in remainder vests at the death of the testator, unless the will shows clearly an intention that it should not vest until a later period. *Merriam* v. *Simonds*, 121 Mass. 198.  *Dodd* v. *Winship*, 144 Mass. 461. *Cummings* v. *Cummings*, 146 Mass. 501.  *Dorr* v. *Lovering*, 147 Mass. 530.

There is nothing in this will to show an intention of the testatrix to postpone the vesting of the estates in the children of Francis Carnes; and it follows that each child took a vested estate, which could be assigned or devised, and therefore that the Central Trust Company is entitled to the share of Francis John Carnes, and Charles R. Weeks is entitled to the share of Emmeline C. Baxter.

*Decree accordingly.*