FELIX RACKEMANN, trustee, *vs.* CHARLES H. WOOD, administrator & trustee, & others.

Suffolk.     January 26, 1909. — November 22, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Devise and Legacy.     Uniformity of Decision.*

A testator by his will, subject to certain legacies, provided for his son W. as follows: "I give and bequeath one-fifth part of my estate to a trustee upon trust, to invest the same and appropriate so much of the income thereof as he, in his discretion, shall think needful for the support of my son W. It is my will that the trustee may pay over to my son his portion of my estate at such time and in such sums as he may deem expedient, desiring him to consult the interest and welfare of my son, and that my son, in case his portion of my estate is not paid to him as aforesaid, shall have power to dispose of the same by will in the family. I direct that at the decease of my son, if his portion of my estate should not have been paid over to him as aforesaid, or if he shall not have disposed of the same by will, the whole sum remaining in the hands of the trustee shall be divided among my other children, to wit: G., C., E. and F., in the same way, subject to the same trusts and provisos, upon which they respectively receive their portions of my estate." The preceding clause of the will contained an exactly similar provision for the testator's son F., the only difference in the two clauses being that in the preceding clause the name of F. was substituted for that of W. and the name of W. was substituted for that of F. By other clauses of the will the testator gave one fifth part of his estate to or for the benefit of each of the other three of his children mentioned in the clause quoted above. During the lifetime of W., F. died intestate, and a part of his share of the estate, which had not been paid over to him remained in the hands of the trustee. Later, W. died intestate, and a large amount of income from his share of the property remained in the hands of the trustee, who filed a bill for instructions in regard to the proper disposition of this income. *Held,* that no distinction could be made between the property which the plaintiff received originally as the share of W. and that which he received as W.'s part of F.'s share; that, under the language of the clause quoted and the like clause for the benefit of

F., the property which either F. or W. left undisposed of in the hands of the trustee should be distributed equally among the other children of the testator named in these clauses, and would not pass as intestate property to the heirs at law or next of kin of F. or W., and that, on the death of the survivor of the two, the property in the hands of the plaintiff should be distributed among G., C. and E.

Upon a question relating to the disposition of property under a trust created by a will, a previous decision of the highest court of another State in a suit between the same parties in regard to their rights under the same trust and affecting another part of the same property, although it is not binding upon this court, always should be given great weight, and nothing less than strong reasons would justify this court in establishing a different rule from that established by the other tribunal of co-ordinate authority.

BILL IN EQUITY, filed in the Supreme Judicial Court on April 27, 1906, by the trustee under the will of John Hancock, late of that part of Boston called West Roxbury, for instructions in regard to the persons to whom and the proportions in which he should pay or distribute the personal property in his hands as such trustee.

The case came on to be heard before *Loring,* J., who, at the request of the parties, reserved it upon the pleadings and an agreed statement of facts for determination by the full court, such decree to be entered as justice and equity might require.

The case was argued at the bar in January, 1909, before *Knowlton,* C. J., *Morton, Hammond, Loring,* & *Braley,* JJ., and afterwards was submitted on briefs to all the justices.

*Roland Gray,* for the plaintiff, trustee under the will of John Hancock.

*J. L. Putnam,* for Thomas Russell, administrator of the estate of Charles L. Hancock.

*H. M. Davis, pro se,* as administrator of Washington Hancock's estate.

*H. L. Shattuck, pro se,* as administrator with the will annexed of the estate of John Hancock, submitted a brief.

*R. W. Dunbar,* for Elizabeth L. H. Wood, also submitted a brief.

*F. P. Cabot,* for Mary E. Tilton.

*D. M. Hill,* for Delia E. Clegg.

KNOWLTON, C. J.   Under the peculiar facts of this case, we are asked to construe the eighth clause of the will of John Hancock, late of West Roxbury, deceased, which is as follows: " I

give and bequeath one-fifth of my estate to a trustee upon trust, to invest the same and appropriate so much of the income thereof as he, in his discretion, shall think needful for the support of my son Washington. It is my will that the trustee may pay over to my son his portion of my estate at such time and in such sums as he may deem expedient, desiring him to consult the interest and welfare of my son, and that my son, in case his portion of my estate is not paid to him as aforesaid, shall have power to dispose of the same by will in the family. I direct that at the decease of my son, if his portion of my estate should not have been paid over to him as aforesaid, or if he shall not have disposed of the same by will, the whole sum remaining in the hands of the trustee shall be divided among my other children, to wit: George, Charles Lowell, Elizabeth Lowell and Franklin, in the same way, subject to the same trusts and provisos, upon which they respectively receive their portions of my estate. It is my will that my son may appoint his own trustee."

The seventh clause is in precisely the same words, except that the word "Franklin" is found in the place of the word "Washington" and the word "Washington" is found in the place of the word "Franklin." By these two clauses, identically the same provision was made for each of the testator's two sons, Franklin and Washington. By the fifth clause another fifth part of the estate was given to trustees, for his daughter Elizabeth Lowell Moriarty for life, and after her death to her children. By the second and third clauses, respectively, the testator gave another fifth part of his estate absolutely to each of his two sons, George Hancock and Charles Lowell Hancock.

Franklin Hancock died, a part of his share of the estate not having been paid over to him by the trustees, and he not having disposed of it by will. In proceedings before the Supreme Court of Illinois, reported in the case of *Harvard College* v. *Balch*, 171 Ill. 275, it was held that his three brothers, George, Charles Lowell and Washington, and his sister Elizabeth Lowell, took vested remainders in his share in the hands of the trustee, and one-fourth part of his share accordingly passed to the trustee for Washington, to be held with the original one fifth part of the estate. Washington having since deceased, and a large amount

of income of his property remaining in the hands of the trustee, this bill was brought by the trustee for instructions in regard to the disposition of this income.

By the language of the will, the share derived from the property in the hands of the trustee after Franklin's death is "subject to the same trusts and provisos" upon which Washington received his portion of the estate, that is, the same trusts and provisos that are stated in the eighth clause of the will. In the disposition of the property no distinction can be made between the share that Washington's trustee received originally, and that which he received from Franklin's share after Franklin's death. The question of difficulty arises from the death of both Franklin and Washington, each one of whom, if he survived the other, was to be entitled to a share of the other's estate which remained undisposed of in the hands of the trustee. The share of each is given to the three brothers of this class and this sister in equal portions. When the will was made, and at the time of his death, the testator had other sons and another daughter. The language of the seventh and eighth clauses seems to make it plain that any property of either Franklin or Washington, left undisposed of in the hands of the trustee, should be divided among the children named in each of these clauses, and that it should not be held or inherited in such a way as to pass as intestate property, either from Franklin or Washington, to their heirs at law. If we are right in this, on the death of the survivor of the two, the property in the hands of the trustee necessarily would be divided among the other two brothers and the sister.

In a petition for partition of real estate in Illinois, brought in that State by the present plaintiff as trustee, involving precisely the same question as is involved in this case, that suit having been brought to determine the disposition of the principal and this to determine the disposition of the income, it was determined, by a unanimous decision of the Supreme Court of Illinois, that the real estate held by the plaintiff under the trust for Washington at the time of his death should be divided into three equal parts, one for the representatives of George, one for the representatives of Charles Lowell, and one for the representatives of Elizabeth Lowell. If that decision was correct, the income must be divided in the same way. While the decision

of the highest court of another State is not binding upon us, it always should be given great weight, and when it is a decision under the same will, between the same parties, in reference to the same trust, and affecting a part of the same property as we have before us, nothing less than strong reasons would justify the court in establishing a different rule of law from that established by another tribunal of co-ordinate authority. As we have already said, we are of opinion that the decision in question, which is found in *Rackemann* v. *Tilton*, 236 Ill. 49, is in accordance with the intent of the testator. It may rest either on the technical grounds stated in the elaborate opinion of the court, or perhaps it may be held that the remainder in the estate of Washington, which vested in Franklin at the death of the testator, was subject to be divested, not only by a possible act of the trustee in paying it all over to Washington in his lifetime, or by a disposition of it by Washington by will, but also by the death of Franklin in the lifetime of Washington. So to hold would be in accordance with decisions in this Commonwealth. *Blanchard* v. *Blanchard*, 1 Allen, 223, 226, 229. *Putnam* v. *Story*, 132 Mass. 205, 210. *Dodd* v. *Winship*, 144 Mass. 461, 464. *Webster* v. *Ellsworth*, 147 Mass. 602, 604. *Crapo* v. *Price*, 190 Mass. 317, 319.

In our opinion the testator intended that the death of Franklin in the lifetime of Washington, as well as the payment of the whole fund to Washington by the trustee, or the disposition of it by Washington by will, should divest Franklin of the remainder, which became vested in him, subject to these contingencies, on the death of the testator. If by his death in the lifetime of Washington he was divested of his remainder in Washington's share, the will shows plainly the intention of the testator that it should go to the other two brothers and the sister, or their representatives. In this way we should reach the result arrived at by the court in Illinois. By any mode of reasoning that may be proper, we deem it our duty to give effect to the purpose of the testator indicated by the language quoted above.

We do not deem it necessary to discuss the question whether the gift to Washington was of an equitable fee in the one fifth mentioned in the eighth clause. This question is covered by

the decision in each of the two cases in Illinois, already referred to, and the language of the will makes the answer plain.

There was no absolute gift of the income of the property to Washington. The direction of the testator to the trustee was only to appropriate so much of the income as he, in his discretion, should think needful for the support of Washington. That gave Washington no title to the income, except as the trustee, in the honest exercise of his discretion, should pay it over to him. *Minot* v. *Tappan*, 127 Mass. 333. *Crawford* v. *Langmaid*, 171 Mass. 309. *Wilson* v. *Wilson*, 145 Mass. 490. In this respect the unappropriated income stands no differently from the principal.

The result is that the income in the hands of the trustee is to be divided into three equal parts, one for the legal representatives of George Hancock, one for the legal representatives of Charles Lowell Hancock, and one for the legal representatives of Elizabeth Lowell Moriarty, claiming under and in accordance with the provisions of the will of her father.

*Decree accordingly.*