---

THE REAL ESTATE TITLE INSURANCE and TRUST COMPANY
of Philadelphia et al., In Equity

*vs.*

CALVIN W. DEARBORN, et als.

Kennebec.        Opinion May 1, 1920.

*Construction of a will. The words "give," "devise" and "bequeath" not essential to the validity of a testamentary provision. Vested remainder. Assignment of a remainder estate.*

Bill in equity brought for construction of a will. By her will Harriet Stanley left her property in trust for the benefit of her son Benjamin during his life. The will further provides that "After the decease of my son Benjamin or at my decease should I survive him all of my said property shall go to Annie Stanley widow of my son David A. Stanley to be hers absolutely and freed from all trusts."

Annie Stanley became by marriage Annie Stanley Ostrom. She survived the testatrix, but died before the decease of Benjamin. During her life she assigned to the plaintiffs all her interest under the will.

The usual formal words "give, devise" &c. were omitted from the will. The intent and purpose of the testator were however plain. The intent when apparent governs. No rule of law or policy makes any special form of words essential to the validity of a testamentary disposition of property. The estate devised to Annie Stanley was a vested remainder.

The possession and enjoyment of it were postponed until after the termination of Benjamin's life interest. But the estate became vested immediately upon the death of Harriet.

A vested estate in remainder is alienable by deed to the same extent as are vested estates in possession. Annie Stanley Ostrom's estate was a vested remainder. It was subject to alienation at will. It follows that her assignments, the forms not being questioned, were effectual to transfer to the plaintiff all her interest derived under the will.

On report. Bill in equity seeking the construction of the will of Harriet D. Stanley. Defendants filed an answer, admitting all the allegations in the bill, and by agreement of parties, the case was reported to the Law Court, no testimony having been introduced by either of the parties. Bill sustained. Decree in accordance with opinion.

Case stated in the opinion.

*Walter M. Sanborn, and Pattangall & Locke,* for plaintiffs.

*White, Carter & Skelton, and McGillicuddy & Morey,* for defendants.

SITTING: SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

DEASY, J. Bill in equity praying for a judicial construction of the will of Harriet Stanley admitted to probate in Kennebec County on June 28, 1894. The will, omitting parts here immaterial reads as follows:—

"Know all men by these presents that I Harriet Stanley of Winthrop in the County of Kennebec and State of Maine do make this my last Will and Testament, being in sound mind:

1st. All of my property, Real & Personal, and however acquired which I shall have at my decease or to which I may be entitled to possession, to Elliott Wood of Winthrop but to be held by him in trust as follows, after he has given bond for the fulfillment of said

trust to the satisfaction of the Judge of the Probate Court having jurisdiction of this will. Said property to be well and carefully invested and the income used for the care, support and comfort of my son Benjamin during his life in a manner befitting needful care and attention; said Trustee to file yearly an account in the Probate Court of his Trusteeship during that period. . . . .

After the decease of my son Benjamin or at my decease should I survive him all of my said property shall go to Annie Stanley, widow of my said son David A. Stanley, to be hers absolutely and freed from all trust."

Annie Stanley, who became by marriage Annie Stanley Ostrom, made two assignments of her estate in remainder under the will to wit: In 1910 to The Real Estate Title Insurance and Trust Company of Philadelphia as security for certain bonds and in 1914 an absolute assignment of her remaining interest to Charles H. Walker who re-assigned to Margaret E. Walker. The plaintiffs claim under these assignments. The defendants are the heirs of Harriet Stanley, and the present trustee under her will. Said Annie Stanley Ostrom died in 1916. Benj. D. Stanley beneficiary under the will died in 1919.

In the construction of the will the parties are at issue in respect to three points:

The defendants contend (1) that the devise in trust to Elliott Wood is invalid, (2) that the estate devised to Annie Stanley was a contingent and not a vested remainder and (3) that therefore nothing passed to the plaintiffs by her assignments.

VALIDITY OF DEVISE IN TRUST.

The defendants contend that because of the omission of the words "give devise", &c. the estate did not pass to Elliott Wood in trust. The cardinal rule in the construction of wills is to determine if possible from the instrument itself and the circumstances surrounding its making, the real intention of the testator or testatrix and having found such intention, to give effect to it, unless some positive rule of law or public policy forbids. *Barry* v. *Austin*, 118 Maine, 51. 40 Cyc. 1386 and cases cited.

There is no room for doubt as to the actual intention of the testatrix to leave the property to Elliott Wood in trust and no rule of law or public policy makes the words give, devise or bequeath essential to

the validity of a testamentary provision.    See note in 41 L. R. A. N. S.
pages 44-47 in which numerous cases are assembled wherein instru-
ments much more informal than that under consideration have been
given effect as wills.

## ESTATE A VESTED REMAINDER.

The estate devised to Annie Stanley by the will under consideration
was a vested remainder.

The possession and enjoyment of the estate were postponed until
after the termination of Benjamin's life interest.    But the estate
became vested immediately upon the death of Harriet.    It is unneces-
sary to repeat the clear definition of vested and contingent remainders,
adopted and recently stated by this court, to demonstrate that the
estate of Annie Stanley was vested and not contingent.    *Woodman*
v. *Woodman*, 89 Maine, 131.    *Bryant* v. *Plummer*, 111 Maine, 516.

## VALIDITY OF ASSIGNMENT.

For obvious reasons no estate in remainder could be aliened by
common law livery of scizin.    To transfer land by that primitive and
now obsolete method possession was indispensable, so that the seller
could make "livery" i. e. delivery of a turf or twig to the buyer.

With this exception vested estates in remainder are and always
have been alienable (also inheritable and devisable) to the same
extent as vested estates in possession.

"Vested remainders are actual estates and may be conveyed by
any of the conveyances operating by force of the statute of uses."
4 Kent Comm. (13th Ed.), 229.

"A vested remainder is a present interest in the property which the
remainder man may convey by deed."    16 Cyc. 652.

"Such remainder (vested) may be devised, assigned or limited
over and made subject to contingencies and trusts at the will of him
in whom it is vested."    Washburn on Real Property (5th Ed.),
2-600.    See *Pearce* v. *Savage*, 45 Maine, 90; *Watson* v. *Cressey*, 79
Maine, 382; *Woodman* v. *Woodman*, 89 Maine, 128; *O'Donnell* v.
*Smith*, 142 Mass., 505; *Loring* v. *Carnes*, 148 Mass., 223; *Swett* v.
*Thompson*, 149 Mass., 302.

The defendants argue and cite authorities to show that except where
otherwise provided by statute, a devise or legacy lapses if the benefici-

ary die before the decedent. This argument is not in point inasmuch as Annie Stanley Ostrom the legatee did not die before Harriet Stanley the decedent.

They also urge that if a devise or legacy is limited to take effect· upon the happening of some future event and the beneficiary dies before the event, a lapse occurs. In support of this proposition, *Snow* v. *Snow*, 49 Maine, 159 is cited.

But this principle does not apply to vested remainders. A vested remainder does not and cannot take effect in the future. Its enjoyment is postponed but not the property right.

Annie Stanley Ostrom's interest having been a vested remainder which could be aliened at will it follows that her assignments, the forms of which are not questioned, were effectual to transfer all of her estate to the plaintiffs.

> *Bill sustained.*
> *Decree in accordance with opinion.*