HENRY G. DENNY *vs.* REBECCA G. KETTELL & others.

Suffolk.    Jan. 22. — May 11, 1883.    FIELD & W. ALLEN, JJ., absent.
HOLMES, J., did not sit.

A testator left a fund in trust, and provided that, after the payment of certain legacies and the termination of certain life estates, the trustee should pay over "all the residue of said trust fund, in equal portions, to my surviving nephews and nieces." *Held,* that only those nephews and nieces were entitled to take who were living when the time for the final distribution came; and that the representatives of a nephew who survived the testator, but died before the time for the final distribution, were not entitled to share therein.

BILL IN EQUITY, by the executor of and trustee under the will of Henry Bartlett, to obtain the instructions of the court as to the construction of the will. Hearing before *C. Allen,* J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*G. O. Shattuck & W. A. Munroe,* for the nephews and nieces of the testator.

*A. R. Brown,* for the representatives of a deceased nephew.

C. ALLEN, J. The testator left a fund, consisting of both real and personal property, in trust, 1st, to pay the net income to his wife for her life; 2d, after her death, to pay from the principal of the fund certain specific sums to various persons and

societies; 3d, to pay the net income of the residue to two persons, and the survivor of them; 4th, after the decease of the survivor, to pay a certain specific sum to Harvard University; and 5th, to pay over "all the residue of said trust fund, in equal portions, to my surviving nephews and nieces." At the testator's death, ten nephews and nieces were living; and one of the nephews afterwards died, before the time came for the final distribution. The question is, whether the legal representatives of the deceased nephew are entitled to a share in the distribution, or whether only those nephews and nieces are so entitled who were living when the time for the final distribution came.

The question to what period survivorship is to relate must depend rather upon the apparent intention of the testator, in each case, than upon any rigid rule. Here were two separate life estates, preceding the time for distribution. The various legacies to persons from the principal of the fund were to be paid only in case the legatees named should survive the testator's wife. The testator had in mind, in these clauses, a later period of survivorship than his own death. All the residue of said trust fund, which was finally to be divided, was what would be left after the end of both of the life estates, and after the payment of all of the specific sums to the different persons and societies named. This residue was not ascertainable till the time came for its distribution. The word "surviving" more naturally relates to that time when the residue was to be ascertained and distributed. The persons who are to take are not mentioned by name; but the language used was equivalent to saying, "after the decease of the survivor of the last two life tenants, and the payment to Harvard University, then to pay over the residue to my surviving nephews and nieces," or "to pay over the residue to my then surviving nephews and nieces." This gives effect to the word "surviving."

This construction seems best to carry out the apparent intention of the testator, and is also in accord with the course of the more recent decisions, under wills somewhat similar. 2 Jarm. Wills (5th Am. ed. by Bigelow), 154, *n.*, 727–738. See also *Hulburt* v. *Emerson*, 16 Mass. 241; *Olney* v. *Hull*, 21 Pick. 311. The rule that the law leans towards vested remainders always yields when a contrary intention of the testator is to be gathered from

the fair construction of the whole will; and where the question is to what period words of survivorship shall be referred, it is often more reasonable to suppose that the testator meant the period of distribution, even where real estate alone is involved. See *In re Gregson's estate*, 2 DeG., J. & S. 428.

In *Blanchard* v. *Blanchard*, 1 Allen, 223, the devise of the remainder was directly to five persons by name, with a proviso that, in case any of them should die before the life tenant, then the property should be equally divided among the survivors; and it was held that they all took vested remainders, which were determinable upon the happening of the contingency. The contingency, however, did not happen in fact, the question being whether one of them had an estate which he could convey before the death of the life tenant; and the decision is no authority to show that, in case any one of the remaindermen there named had died before the time for distribution, his heirs or legal representatives would have been entitled.

· <em>Decree accordingly.</em>