HOSEA M. KNOWLTON, administrator, *vs.* THEOPHILUS SANDERSON & others.

Bristol. October 29, 1885. — March 4, 1886.

A testator, by his will, gave to his executors for the use of his grandson, A., $2000, the income of which was to be paid to him during the life of his father, B., and then the principal was to be paid to A. or his heirs at law; and also gave to his executors $3000, to be invested in their names, and, at such times as they saw fit, they were to pay the interest thereof to B.; provided that, if any creditor of B. should attempt to obtain any portion of this sum, the executors should not be held to owe the same or any portion thereof to B., but in such case all of the interest or income then due was to be paid to A., or, if he should not be living, the executors were to retain it for their own use; that, on B.'s death, the $3000 was to be paid to A. or his heirs; and that, if A. should die before B., the $2000 was to be held during B.'s life, and then "be paid in the same way to the heirs at law of said A." A. died before B., leaving no widow or issue. *Held,* that the trust fund did not vest in B. upon A.'s death; that B. was not one of the legal heirs of A. under the will; and that the fund should be distributed among those who were heirs at law of A. upon B.'s death.

BILL IN EQUITY, filed November 14, 1884, by the administrator *de bonis non,* with the will annexed, of the estate of John

Coggeshall, Jr., to obtain the instructions of the court as to the construction of the eighth clause of his will, as follows :

" I give, as hereinafter provided, for the use of John W. Coggeshall, son of my child James, two thousand dollars, and for the use of my said child James the sum of three thousand dollars, said James having already received what I judge to be equal to two thousand dollars. And it is my will that said first-named sum of two thousand dollars be retained by my executors and invested, and the income paid to John W. Coggeshall during the life of his father, and then that the principal thereof be paid to said John W. Coggeshall, or his heirs at law. And as to said sum of three thousand dollars, I order and direct that the same be invested by my executors in their own name, and that at such times as they may see fit, and not otherwise, they may pay the income or interest thereof to my son James. But if, at any time, any creditor of said James shall attempt to secure or obtain any portion thereof, my executors shall not be held to owe the same, or any portion thereof, either principal or interest, to said James, and neither said creditors nor said James shall have the right at any time to compel the payment thereof. But in such case all of the interest or income then due shall be paid to the said John W. Coggeshall for his own use, or, if he shall not be living, it shall be retained by my said executors for their own use. And, on the decease of said James, said sum of three thousand dollars shall be paid to said John W. Coggeshall, or his heirs. And if said John shall die before his father, the said two thousand dollars shall be held in the same way as the said three thousand dollars are to be held, during the life of said James, and then shall be paid in the same way to the heirs at law of the said John W. Coggeshall."

It appeared from the bill and answers, on which the case was reserved by *C. Allen*, J., for the consideration of the full court, that the testator died on June 23, 1853 ; that John W. Coggeshall died on April 23, 1855, leaving no widow or issue, and as his next of kin, living at the time of his death, his father, James Coggeshall ; and that said James died on December 3, 1881, leaving a will, which was duly admitted to probate.

*T. M. Stetson*, for the heirs of John W. Coggeshall after the death of James Coggeshall.

*W. H. Cobb, F. S. Hopkins, & W. M. Butler*, for the administrators of deceased persons, submitted a brief in support of the same side of the case.

*A. E. Perry*, for the administrator, with the will annexed, of the estate of James Coggeshall.

GARDNER, J. The testator gave to his executors for the use of his grandson, John W., $2000, the income of which was to be paid to him during the life of his father, James, and then the principal was to be paid to John W. or his heirs at law. The testator also gave to his executors $3000, to be invested in their own names, and, at such times as they saw fit, they were to pay the interest thereof to James, the son of the testator. The will provided that, if any creditor of James should attempt to obtain any portion of this sum, the executors should not be held to owe the same or any portion thereof to James; but in such case all of the interest or income then due was to be paid to John W., or, if he should not be living, the executors were to retain it for their own use. On the death of James, the $3000 was to be paid to said John W. or his heirs; and, if John W. should die before his father, James, the $2000 was to be held during the life of James, and then " be paid in the same way to the heirs at law of the said John W. Coggeshall."

John W. Coggeshall died, leaving no widow or issue, and, as next of kin, his father, James, who subsequently died testate.

By the provisions of the will, the principal of both sums was to be paid to the heirs at law of John W. upon the death of his father, James. The heirs of John W. were not to take under the will by inheritance, but as persons designated by the testator as such heirs, found to be in existence at the time of James's death. The remainder over to the heirs was contingent until the prescribed event should happen. The bequest was to those who should be his heirs upon the happening of the contingency, and not to those who were the heirs of John W. at the time of his decease. *Sears* v. *Russell*, 8 Gray, 86.

The evident intention of the testator was to exclude James from participating in any portion of the principal of this fund. To carry out this intention, he provided that the fund should not vest in the heirs of John W. until the death of James, thereby excluding him. The period of distribution was postponed to the

death of James, and then to be made to those persons who were then ascertained to be the heirs of John W. *Bunting* v. *Tucker*, 2 Gray, 319. *Denny* v. *Kettell*, 135 Mass. 138. Vested remainders are strongly favored, but they always yield when a contrary intention of the testator is to be gathered from a fair construction of the entire will.

Construing the will according to the clear intention of the testator, a majority of the court are of opinion that the fund did not vest in James upon the death of his son ; that he was not one of the legal heirs of John W. under the will ; and that the fund should be distributed among those who were the heirs at law of John W. upon the death of James.        *Decree accordingly.*