GEORGE MORRILL, trustee, *vs.* WALTER R. PHILLIPS
& others.

Suffolk.    March 16. — July 2, 1886.    W. ALLEN & HOLMES, JJ., absent.

A testator, by his will, gave to his widow the use of his homestead and the income
of $10,000 during her life. He directed in the third clause that the residue of
his estate should be divided into four equal parts; one part he gave for the
benefit of his grandson W., the son of a deceased son; another fourth part he
gave to his son G.; the other two parts he gave to trustees to pay the income
to his two sons J. and F., in equal shares during their lives, and, on the death of
either leaving children and a wife, the reversion was to go to such children and
wife. The third clause then proceeded, "but if they leave no issue, then my
will is that said reversion in both cases or either case shall go to all my grand-
children in equal shares, as hereinafter provided in reference to other portions
of my estate." By the fourth clause, he directed that the reversion and
remainder of the homestead and said $10,000 should be divided into four equal
parts; he gave one part for the benefit of his grandson W., upon the same
terms named in the third clause; one part to his son G. absolutely; and the
other two parts in trust for the use of his two sons J. and F., "on the same terms
as hereinbefore provided, . . . . and with the same disposition of the reversion
and the remainder to their wives and children, if any children they should leave,
and, if not, then equally to all my grandchildren that may be living." *Held,* on
the death, unmarried, of J., who survived the widow, that his share of the funds
provided for in both clauses of the will should be divided equally *per capita*
among the grandchildren of the testator who were living at the death of J.

MORTON, C. J.    By his will, the testator, Samuel M. Phillips,
gives to his widow the use of his homestead and the income of a
fund of $10,000 during her life. He directs, in the third clause,
that the residue of his estate shall be divided into four equal
parts; one part he gives for the benefit of his grandson Walter
R. Phillips, the son of his deceased son Samuel S. Phillips;
another fourth part he gives to his son George A. Phillips; the
other two parts he gives to his executors, as trustees, to pay
the income to his two sons Joseph R. Phillips and Flavel M.
Phillips, in equal shares during their lives, and, on the decease
of either leaving children and a wife, the reversion is to go to
such children and wife. The third clause then proceeds, "but
if they leave no issue, then my will is that said reversion in both
cases or either case shall go to all my grandchildren in equal
shares, as hereinafter provided in reference to other portions of
my estate." By the fourth clause, he directs that the reversion
and remainder of the homestead and of the said $10,000 shall

be divided into four equal parts, and he gives one part for the benefit of his grandson Walter R. Phillips, upon the same terms named in the third clause; one part to his son George A. Phillips, absolutely; and the other two parts to his executors, in trust for the use of his two sons Joseph R. Phillips and Flavel M. Phillips, " on the same terms as hereinbefore provided, . . . . and with the same disposition of the reversion and the remainder to their wives and children, if any children they should leave, and, if not, then equally to all my grandchildren that may be living."

The widow died in 1878. Joseph R. Phillips died in 1885, having never been married; and the object of this bill in equity is to obtain the instructions of the court as to the disposition of the share held by the trustee under the will for the benefit of the said Joseph R. Phillips.

It was clearly the intention of the testator that the funds provided for in both the third and the fourth clauses should, upon the death of Joseph or Flavel leaving no children, go in the same manner and to the same persons. The provision of the third clause, that the reversion shall go to his grandchildren " as hereinafter provided in reference to other portions of my estate," by necessary construction, refers to the fourth clause, and was intended to provide that the same grandchildren as take under the fourth clause should take such reversion. By the latter clause, the reversions and remainders are, upon the death of Joseph or Flavel respectively, to go to their wives and children, " if any children they should leave, and, if not, then equally to all my grandchildren that may be living." The natural and obvious meaning of the words quoted is, that the property is to go to the grandchildren living at the death of Joseph or Flavel. The words " that may be living " cannot fairly be referred to any other time. It seems to us clear that the intention of the testator, which must control the construction of the will, was that the funds should go to all his grandchildren who were living at the period fixed by him for the final distribution of the funds. *Denny* v. *Kettell*, 135 Mass. 138.

The provisions that the property was to " go to all my grandchildren in equal shares," and that it was to go " then equally to all my grandchildren that may be living," show clearly that

the testator contemplated and intended that each grandchild should have the same share, and repel the claim that the property is to be divided among the grandchildren *per stirpes.*

The result is, that the ten grandchildren of the testator who were living at the death of Joseph R. Phillips are entitled to have the funds in question divided among them equally *per capita.*\*                                    *Decree accordingly.*

*C. H. Swan & G. H. Poor,* for the grandchildren of the testator.

*A. Poor,* for the heirs of deceased grandchildren.

---

\* At the death of the testator, his heirs were three sons, George A. Phillips, Joseph R. Phillips, and Flavel M. Phillips, and a grandson, Walter R. Phillips. At this time George A. Phillips had six children, and Flavel M. Phillips had three children, two of whom died before Joseph R. Phillips. After the death of the testator and before the death of Joseph R., Flavel M. had two other children.