ROBERT CODMAN *vs.* PAUL KRELL & others.

Suffolk.   January 20, 1890. — September 5, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Trust Deed — " Heirs at Law " — Conflict of Laws.*

If by a deed of trust of personal property, the income thereof is to be paid to the grantor's wife during her life, and at her decease to their son and daughter until one of them reaches a certain age, when the principal is to be divided between them, and in case either or both of them shall die before their mother, their respective shares are to be transferred " to his or her or their respective heirs at law, in same manner as if he or she or they had deceased subsequently to my said wife," the heirs at law of such children, if both of them die before their mother, are those persons who would have inherited personal property from them if they had died intestate immediately after their mother's decease.

If the grantor in a declaration of trust, as well as the trustee, the life tenant, and the remaindermen whose " heirs at law " are to take their shares in a certain contingency, are all domiciled in this State at the time of its execution here, and provision is made for the appointment here of a successor in case of the trustee's death, such " heirs at law " are to be determined by the law of this Commonwealth.

BILL IN EQUITY for instructions, alleging that William Wheelwright, late of Newburyport, deceased, by deed executed in this Commonwealth on March 31, 1858, transferred to the plaintiff

as trustee, describing him as " of Boston," certain shares in the stock of the Copiapo and Caldera Railroad in South America, on certain trusts set forth in the deed, the first article of which was as follows :

" Fifty shares of the above named railroad stock, or the proceeds thereof in other investments in case they shall be sold, the said Codman shall hold in trust for the benefit of my wife, Martha Gerrish Wheelwright, during her life, paying over to her from time to time the net income thereof upon any order or receipt signed by her. At the decease of the said Martha G. Wheelwright, the said trustee shall continue to hold the said property now represented by said fifty shares of railroad stock for the benefit of my children William Wheelwright, Jr., and Maria Augusta Wheelwright, paying over the net income thereof to them in equal shares upon their several orders or receipts. And when, after the decease of my said wife, my son, the said William Wheelwright, Jr., shall have attained the age of twenty-five years, or if he shall sooner die, then at the time he would have attained such age had he lived the said trustee shall divide the whole principal sum then in his hands, now represented by said fifty shares of railroad stock, and all accumulation thereof, into two equal parts or portions, and he shall convey, transfer, and deliver one of the said parts or portions to the said William Wheelwright, Jr., or, in case of his decease, to his heirs at law, as and for his or their absolute property, and the other of said parts or portions the said trustee shall convey, transfer, and deliver to the said Maria Augusta Wheelwright, free from the control of any husband, or, in case of her decease, to her heirs at law, as and for her or their absolute property. And in case either or both of my said children shall decease prior to their mother, their respective shares of said property shall be conveyed, transferred, and delivered to his or her or their respective heirs at law, in the same manner as if he or she or they had deceased subsequently to my said wife."

The eleventh article provided that, " If the said trustee shall decease before the aforementioned trusts or any of them shall have expired, a new trustee or trustees may be appointed in his stead, upon application of the parties or party interested to the judge of probate or to the Justices of the Supreme Judicial

Court, or any of them, for the county of Suffolk," whereupon the trust property was to be transferred to the new trustee or trustees.

The bill further alleged, among other things, that the plaintiff accepted the trust; that William Wheelwright, Jr., referred to in the said deed, died in England, intestate, on October 18, 1862, unmarried, and before reaching the age of twenty-five years; that his domicil was at all times in the Commonwealth of Massachusetts; that William Wheelwright, the grantor in the said deed, died on September 26, 1873; that the defendant Robert Codman, Jr. was duly appointed administrator with the will annexed of his estate on December 3, 1888; that the said Maria Augusta Wheelwright, referred to in the said deed, married the defendant Paul Krell, and died domiciled in England, without children, on February 9, 1886; that the said Krell is her executor and residuary legatee; that the residue of the said Maria's property given to the said Krell as aforesaid included real estate in Massachusetts amounting to over ten thousand dollars; that the said Martha G. Wheelwright, referred to in the said deed, died at Newburyport on August 30, 1888; that the plaintiff was duly appointed executor of her will; and that the defendants Isaac W. Wheelwright, brother of William Wheelwright, senior, Jane Caldwell, sister of William Wheelwright, senior, Catherine M. Atkinson and Harriet H. Barton, sisters of Martha G. Wheelwright, are the persons who would have been the next of kin of William Wheelwright, Jr., if he had survived his mother and then immediately died, and that the same persons would have been the next of kin of Mrs. Krell if she had survived her mother and then immediately died.

The case was heard upon the bill and answers, by *Devens*, J., and reserved by him for the consideration of the full court.

*R. Codman, Jr.*, for the administrator with the will annexed of William Wheelwright.

*L. H. H. Johnson*, for Isaac W. Wheelwright.

*C. K. Cobb*, for Paul Krell.

*H. A. Johnson*, for Jane Caldwell, Catherine M. Atkinson, and Harriet H. Barton.

*J. Fox*, for residuary legatees under the will of Martha G. Wheelwright.

FIELD, C. J.   The last clause of the first article of the declaration of trust means, we think, that, if either or both of the children die before their mother, their respective shares shall be conveyed to his or her or their heirs at law in the same manner as if he or she or they had died immediately after the death of the mother.   Both children died before the mother; and their heirs at law are to be determined as of a time immediately after her death.   The mother died on August 30, 1888 ; the donor, her husband, died on September 26, 1873 ; neither the father nor the mother is an heir within the meaning of this clause, because neither was alive at the time the right of property vested in the heirs of the children.   *Denny* v. *Kettell*, 135 Mass. 138.   *Knowlton* v. *Sanderson*, 141 Mass. 323.   *Fargo* v. *Miller*, 150 Mass. 225.

The property was wholly personal property when given, and it has always remained personal property.   The trustee under the declaration of trust had full power to change the investments subject to the limitation that the consent of the donor should first be obtained to any sales of the property made during his life.   There is no declaration that any of the property should ever be invested in real estate, and although investments in real estate might possibly have been within the powers of the trustee, yet it does not appear that the donor contemplated that such investments would be likely to be made.   The language of the declaration of trust in regard to the trust fund seems to indicate that the donor expected that it would be kept invested in personal property.   If the children survived the mother, the property was to be kept in trust and the net income paid in equal shares to them until the son attained the age of twenty-five years, or, if he should sooner die, until he would have reached that age if he had lived, and then one half of " the whole principal sum " in the hands of the trustee was to be conveyed, transferred, and delivered to the son, or, in case of his decease, to his heirs at law, and the other half to the daughter, or, in case of her decease, to her heirs at law.   If they both died before the mother, their shares were to be conveyed, transferred, and delivered to their respective heirs at law.   The heirs at law, therefore, take by a sort of substitution for the person whose heirs they are.   The meaning of this last clause is, we

think, that those persons should take who would have taken personal property from the children if the children had died intestate immediately after the death of their mother. It seems impossible to distinguish this case, in any satisfactory manner, from *White* v. *Stanfield*, 146 Mass. 424. See *Sweet* v. *Dutton*, 109 Mass. 589; *Merrill* v. *Preston*, 135 Mass. 451; *Fabens* v. *Fabens*, 141 Mass. 395.

The donor in his declaration of trust describes himself as of Newburyport, in Massachusetts; and his domicil was at all times in Massachusetts. The beneficiaries under the clause of the trust we are considering were his wife and children, probably all, at the time when the declaration of trust was executed, domiciled in Massachusetts, as members of his family. The declaration of trust provides that, if the trustee shall decease, " a new trustee or trustees may be appointed in his stead, upon application of the parties or party interested to the judge of probate, or to the justices of the Supreme Judicial Court, or any of them, for the county of Suffolk," etc. The trustee is described as of Boston, Massachusetts, and the declaration of trust was apparently executed in Boston. We think that, so far as the donor had in mind any law under which the trust was to be administered, he had in mind the law of Massachusetts, and that it must be determined by that law who are the persons who were intended by the description of heirs at law of the children. So far as concerns this case, the statutes of Massachusetts appear to be of the same effect now as when the trust was created. *Merrill* v. *Preston*, 135 Mass. 451. *Lincoln* v. *Perry*, 149 Mass. 368.

The result is, that Isaac W. Wheelwright, Jane Caldwell, Catherine M. Atkinson, and Harriet H. Barton are entitled each to one fourth of the share that would have belonged to William Wheelwright, Jr., had he lived, namely, to one eighth part each of the trust fund which is the proceeds of the fifty shares of stock described in the bill; and that Paul Krell, the husband of Maria Augusta Wheelwright, who died leaving no issue, is entitled to the remaining half of this fund.

*So ordered.*