WILLIAM G. PECK *vs.* SAMUEL A. CARLTON.

Middlesex.   April 1, 1891. — June 27, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Will — Residuary Clause — " Legal Heirs."*

A testator, by the residuary clause of his will, left property in trust, the income to be paid to his wife and to other persons during her life, and provided for the sale and disposition of the same as soon as was expedient after his wife's decease, the proceeds to be paid over to his "legal heirs, in the same proportion as they would have inherited the same in case I had died the survivor of my said wife, and intestate." The testator died before his wife. *Held*, that at her death the residue was to be distributed in the same manner as if he had died intestate immediately after her decease.

APPEAL from a decree of the Probate Court, upon the petition of William G. Peck, successor of the trustee named in the will of John Boles, for the construction of a residuary clause. The case was heard by *Knowlton,* J., and reserved for the consideration of the full court, and was as follows.

The will was dated September 8, 1886, and, after gifts to the testator's wife, and to his sons, Prescott and Jerome, and to his daughters, Maria E., and Eliza A., wife of Abel G. Peck, contained the following:

"Eighth. All the rest and residue of my said estate and property, real, personal, or mixed, I give, devise, and bequeath unto said Abel G. Peck, but upon trust for the following purposes, to wit: First, to manage the same in a cautious and economical manner, and out of the rents, income, and profits thereof to pay to my said wife during her natural life said annuity as aforesaid, and the balance of said rents, income, and profits, if any, to pay annually as follows, to wit: one fourth thereof to said Prescott Boles, one fourth thereof to said Maria Elizabeth Boles, one fourth thereof in equal parts to said Eliza Ann Peck and her several children, share and share alike, and one fourth thereof in equal parts to said Jerome Boles, Rachel Boles, wife of said Jerome Boles, and their several children, share and share alike. Second, and as soon after the decease of my said wife as expedient, to sell and dispose of all said rest and residue of my said estate and property, real, personal, or mixed, and to pay over the proceeds of such sale and disposition to my legal heirs in the same proportion as they would have inherited the same in case I had died the survivor of my said wife, and intestate."

The testator died on July 1, 1868, and his widow, who survived him, died on July 2, 1889. Before the death of the widow, Maria E., who had married Samuel A. Carlton, and Jerome died, the former without issue and the latter leaving four sons, who were still alive and of full age. Carlton, upon his wife's death, succeeded as her devisee to her interest, if any, under the will of her father, and, from the date of her death to that of the widow, was paid, in common with the heirs of the testator, the share of the income to which his wife was entitled under such residuary clause.

The Probate Court made a decree, "that, by the provisions of

the second clause of the eighth section of the will of said deceased, the residue of the estate devised and bequeathed by said eighth section did not vest in those persons who would be his legal heirs at the time of his decease, but that those persons take who would have been his heirs if he had survived his wife "; and Carlton appealed therefrom.

The case was submitted on briefs in April, 1891, and afterwards was resubmitted on the same briefs to *Field,* C. J., *Allen, Holmes, Knowlton,* and *Morton,* JJ.

*Samuel Hoar,* for the appellant.

*S. J. Elder,* for the appellees.

KNOWLTON, J. The last part of the eighth clause of the will of John Boles, late of Somerville, deceased, is as follows: " Second, and, as soon after the decease of my said wife as expedient, to sell and dispose of all said rest and residue of my said estate and property, real, personal, or mixed, and to pay over the proceeds of such sale and disposition to my legal heirs, in the same proportion as they would have inherited the same in case I had died the survivor of my said wife, and intestate." The only question in the case is whether, under this clause, the residue of the estate is to go to those persons who were the legal heirs of the testator at the time of his death, or to those who would have been his heirs had he died immediately after the decease of his wife.

The law favors vested rather than contingent remainders, and " the general rule is that, where a will gives a life interest to one, with a devise over, either for life or in fee, to a definite class of persons, the presumption is that those take who constitute the class at the death of the testator, unless the will shows a different intention." *Dorr* v. *Lovering,* 147 Mass. 530, 534. *Merriam* v. *Simonds,* 121 Mass. 198. *Whall* v. *Converse,* 146 Mass. 345. *Cummings* v. *Cummings,* 146 Mass. 501. *Loring* v. *Carnes,* 148 Mass. 223, 225. So strong is the presumption that a reference in a will to the heirs of the testator applies to those who are his heirs at the time of his death, that a different meaning, to be given effect, must plainly appear from other parts of the will. But it is always the duty of the court to discover, if possible, the intention of the testator, and to give it effect. In several recent cases, from general provisions of the will, the

court has found that the members of a class among whom property was to be distributed were to be determined as of the time of the happening of an event subsequent to the decease of the testator. *Knowlton* v. *Sanderson*, 141 Mass. 323. *Fargo* v. *Miller*, 150 Mass. 225. *Wood* v. *Bullard*, 151 Mass. 324. In each of the last two cases the question was so fully considered, and so many of the authorities were cited and reviewed, that further discussion is unnecessary.

In the present case, the property is to go to the legal heirs of the testator, in the same proportions as they would have inherited it if he had survived until after the death of his wife. On the one hand, it is contended that the words of the will mean that the same persons are to receive the property, and are to receive it in the same proportions, as if the testator had died at that time ; on the other hand, that those who are in fact his legal heirs, or their representatives if they are deceased, are to take the property, but that their shares are to be larger than they would be if the widow were to be considered one of the heirs, or, in other words, that this language was chosen merely to show that the widow is not to be included among the "legal heirs" who take the residue. We are of opinion that the former is the true construction. The natural interpretation of the language is that the property is to be distributed as if he had died intestate immediately after the death of his wife. Until her death, the distribution of the residue of the estate is postponed, and the property is kept for the purpose of producing income, which is to be applied according to directions particularly given. After that there is no occasion to do otherwise with it than to distribute it among those who would have been entitled to it if he had died intestate at that time. All of his heirs had been provided for, and had received their shares of the income up to that time. It is hardly to be supposed that he would have used this language to signify that his wife was not to be treated as one of his heirs, first, because in the strict sense of the word, as used in the common law, she would not be considered an heir, although she might be under the later statutes and decisions; and, secondly, because he was speaking of a distribution after her death, and in designating the beneficiaries there was no occasion to refer to her at all. It would have been simple, easy, and natural to

describe his other heirs in brief general terms, if that had been his only purpose. Unless the words are given the effect contended for by the children and grandchildren of the testator, or are held to have been used merely to exclude the widow, they are meaningless. We are of opinion that they are not used for the latter purpose, and that it does quite plainly appear that the testator intended to have the residue of his estate distributed precisely as if he had died intestate just after the decease of his wife.                    *Decree of the Probate Court affirmed.*