JOSEPH S. BIGELOW, trustee, *vs.* HARVEY CLAP & another.

Suffolk.    January 27, 1896. — May 20, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Legatees entitled per Capita and not per Stirpes.*

Under the direction in a will that on the death of the *cestui que trust* the principal is to be paid "equally amongst all my nieces and nephews, (children of my brother A. and of my sisters A., M., E., and S.), and also all the children of my said nieces and nephews who may then be living, so that each of my said nieces, nephews, grand-nieces, and grand-nephews shall receive and be paid an equal share thereof; provided however that if any grandchild of my brother or of either of my sisters shall die before my daughter [who was the *cestui que trust*], leaving issue, there shall be paid unto the said issue the same portion of said trust fund as would have been unto the said grandchild, if living at the time of my daughter's decease," the principal is to be divided, the *cestui que trust* having deceased, equally among the following classes of persons living at the time of such decease; the nephews and nieces of the testator, his grand-nephews and grand-nieces, and the issue of such grandchildren of the testator's brother and sisters as have died before the death of the *cestui que trust;* and the contention of the son of a deceased nephew, that he is entitled in addition to his share *per capita* to take *per stirpes* his proportionate part of the share that the deceased nephew would have taken if living, cannot be maintained.

PETITION to the judge of probate of the county of Suffolk, by Joseph S. Bigelow, trustee under the will of Joseph Smith, praying the instructions of the court as to his duties thereunder. The judge decreed that the residue be distributed in equal shares among ninety-three persons named, " said above named persons being and including all the nephews and nieces of the testator living at the death of Anne, daughter of the testator, being children of the testator's brother and sisters; also all the grand-nephews and grand-nieces of the testator living at the death of said Anne, being the grandchildren of the testator's brother and sisters; also all the issue, living at the death of said daughter Anne, of such grandchildren of the testator's brother and sisters as had died before the death of said Anne."

Harvey Clap and Albert S. Eells appealed to this court. *Barker*, J. reserved the case for the determination of the full court. The facts appear in the opinion.

*O. A. Galvin & J. F. Sweeney*, for the appellants.

*H. V. Cunningham*, for certain grand-nephews and grand-nieces.

*J. B. Madigan*, for Harriet S. Whittier, a niece.

LATHROP, J. Joseph Smith devised the residue of his estate to a trustee, in trust to pay the income thereof to his daughter Anne for her life; and, upon her death, to pay two tenths of the residue, in equal parts, share and share alike, to the then surviving children and grandchildren of his sister Anne L. Crocker; two other tenths of the residue, in like equal parts, to the then surviving children and grandchildren of his brother Albert Smith; two other tenths of the residue, in like equal parts, to the then surviving children and grandchildren of his deceased sister Mary Whittier; one tenth part of the residue, in like equal parts, to the then surviving children and grandchildren of his sister Eliza Salmond; and the three remaining tenth parts of the residue, in like equal parts, to the then surviving children and grandchildren of his sister Sarah B. Eells. Then follows this clause: " In case, when the above stated provisions in regard to the distribution of the trust fund shall take effect, there should be living any great-grandchildren of my said brother, or of either of my said sisters, whose parent is then dead, but would if then alive be entitled to a part in said dis-

tribution, such part shall be given to said great-grandchildren in equal shares, by right of representation."

By the third clause of a codicil to the will, the testator provided as follows: "I revoke the disposition made in the said will, after my daughter's decease, of the trust fund therein mentioned, and do hereby direct the trustee having charge of said fund, on the happening of that event, to pay the same equally, amongst all my nieces and nephews, (children of my brother Albert and of my sisters Anne L. Crocker, Mary Whittier, Eliza Salmond, and Sarah B. Eells,) and also all the children of my said nieces and nephews who may then be living, so that each of my said nieces, nephews, grand-nieces and grand-nephews shall receive and be paid an equal share thereof; provided however that if any grandchild of my brother or of either of my sisters shall die before my daughter, leaving issue, there shall be paid unto the said issue the same portion of said trust fund as would have been unto the said grandchild, if living at the time of my daughter's decease."

The testator died on January 17, 1877, and his daughter Anne on January 2, 1894. At the last mentioned date there were living nephews and nieces of the testator; grand-nephews and grand-nieces; the issue of those grandchildren of the testator's brother and sisters who died before the testator's daughter, being the testator's great-grand-nephews and great-grand-nieces (but three of these grandchildren had died, each of whom had left a child); and children of the brother and sisters of the testator who had died previously to the death of the testator's daughter.

On a petition in equity, filed by the trustee for instructions, the Probate Court ordered the trust estate to be divided equally among the following classes of persons living at the death of the testator's daughter: the nephews and nieces of the testator, his grand-nephews and grand-nieces, and the issue of such grandchildren of the testator's brother and sisters as had died before the death of the testator's daughter.

From this decree two of the grand-nephews of the testator have appealed. One is the son of a deceased nephew, and the other a son of a deceased niece. They contend that each is entitled to a share *per capita*, and also that each is entitled

to take *per stirpes* his proportionate part of the share that the deceased nephew or niece would have taken if living. The argument is that the words in the third clause of the codicil, " who may then be living," do not qualify the words "nieces and nephews," but apply only to the words " children of my said nieces and nephews"; and that the case falls within the Pub. Sts. c. 127, § 23, which is as follows: " When a devise or legacy is made to a child or other relation of the testator, and such child or relation dies before, but leaves issue who survive the testator, such issue shall, unless a different disposition is made or required by the will, take the same estate that the person whose issue they are would have taken had he survived the testator."

We are of opinion that the appellants do not take anything under the statute, for the reason that " a different disposition is made or required by the will "; and that the words " who may then be living" qualify the words " nieces and nephews," as well as the words " all the children of my said nieces and nephews." That such is the intent of the testator is shown very clearly by the following clause : " so that each of my said nieces, nephews, grand-nieces, and grand-nephews shall receive and be paid an equal share thereof." So far as these classes are concerned, the intent of the testator is equality, and there would not be equality if a grand-nephew received, in addition to his share as such, anything *per stirpes.* The words " who may then be living" refer to the death of the daughter, and the persons who were to take were then to be ascertained, and they could not be ascertained before. *Denny* v. *Kettell*, 135 Mass. 138. *Knowlton* v. *Sanderson*, 141 Mass. 323. *Morrill* v. *Phillips*, 142 Mass. 240. *Coveny* v. *McLaughlin*, 148 Mass. 576. *Fargo* v. *Miller*, 150 Mass. 225. *Wood* v. *Bullard*, 151 Mass. 324. *Proctor* v. *Clark*, 154 Mass. 45. *Peck* v. *Carlton*, 154 Mass. 231. *Pollock* v. *Farnham*, 156 Mass. 388.

The only provision in the codicil in case of the death of any one of the classes named before the daughter is that of a grand-child of the testator's brother, or of either of his sisters, and then the issue of such grandchild is to take, as if the grand-child had been living at the time of the daughter's death.

The intent of the testator is clear, and the order must be,

*Decree affirmed.*