CECIL W. WASON *vs.* AMBROSE A. RANNEY.

Hampden.    September 23, 1896. — November 23, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Heirs of Body — Life Estate — Remainder.*

In a deed of A. to B., habendum "to the said B. for the full term of his natural life, and after his death to the heirs of my [A.'s] body, to have and to hold to their use and behoof forever," such heirs take as of the death of B., and B. takes only a life estate.

WRIT OF ENTRY, dated March 10, 1896, to recover a parcel of land in Springfield. Plea, *nul disseisin.* The case was submitted to the Superior Court, and, after judgment for the demandant by *Gaskill,* J., to this court, on appeal, upon agreed facts, in substance as follows.

On March 13, 1871, George T. Wason was the owner of the land in question, and on that day conveyed the same by quitclaim deed to his son, George E. W. Wason, reserving the right to occupy the premises for himself and family so long as he should desire so to do; habendum "to the said George E. W. Wason for the full time of his natural life, and after his death to the

heirs of my (George T. Wason's) body, to have and to hold to their use and behoof forever." George T. Wason at the time was twenty-five years old, his wife living, and George E. W. Wason his only child. George T. Wason continued to occupy the premises till he died, November 15, 1880, intestate, leaving only one child and heir of his body, the said George E. W. Wason. George E. W. Wason then took possession of the premises, and enjoyed the rents and profits. In November, 1888, he mortgaged the premises to Jerome W. Hyde, and on May 15, 1889, the mortgage was duly assigned to the tenant. On December 19, 1889, George E. W. Wason, being in possession of the premises, conveyed the same by warranty deed to the tenant, who thereafter had possession and collected the rents and profits. George E. W. Wason died on February 11, 1893, leaving one child, Cecil W. Wason, the demandant.

The case was submitted on briefs to all the judges.

*F. Ranney*, for the tenant.

*W. S. Slocum*, for the demandant.

FIELD, C. J. The effect of the delivery of the deed of George T. Wason to George E. W. Wason was to vest in George E. W. Wason an estate for his life in the land. The remainder when the deed was delivered was contingent, for if, on the death of George E. W. Wason, George T. Wason was alive, there could be no heirs of his body to take it, and it must revert to him. If George T. Wason died before the death of George E. W. Wason, the heirs of the body of George T. Wason would take the remainder, and the principal question is whether such heirs would take as of the death of George T. Wason or of George E. W. Wason. A majority of the court are of opinion that they would take as of the death of George E. W. Wason. Such is the meaning of the language of the habendum of the deed, interpreted in the ordinary way, and there are no technical rules of law which prevent the deed from taking effect according to its meaning. *Knowlton* v. *Sanderson*, 141 Mass. 323. *Fargo* v. *Miller*, 150 Mass. 225. *Wood* v. *Bullard*, 151 Mass. 324. *Peck* v. *Carlton*, 154 Mass. 231.

*Judgment for the demandant.*