NATALIEN B. HALE & others *vs.* JOHN L. HOBSON
& others.

Essex. November 4, 1896. — January 11, 1897.

Present: ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Petition for Partial Distribution of Residue of Estate — Contingent Remainder.*

A provision that the residue of an estate shall be held in trust " until the decease of the last survivor of the life annuitants, . . . and that then the said residue and remainder, with all the accumulated interest thereof, shall be equally divided among my grandchildren *per stirpes*," will be construed to give the grandchildren a contingent interest, especially if that conclusion is favored by the scheme of the will.

BILL IN EQUITY, by certain residuary legatees, praying for a partial distribution of the residuary estate of Ezekiel J. M. Hale, late of Haverhill. Hearing before *Lathrop*, J., who, at the request of the parties, reserved the case for the consideration of the full court. The facts appear in the opinion.

*R. M. Morse & W. M. Richardson*, for the plaintiffs.

*C. K. Cobb*, for the defendants.

MORTON, J. This is a petition by five of the seven residuary legatees under the will of Ezekiel J. M. Hale, for a partial distribution of the residuary estate. Of the other two, one consents to a distribution, and the other does not object. It is agreed that the debts have all been paid, and also all of the legacies so far as they have become due and payable. The executors and trustees and certain of the life annuitants object to a distribution.

The residuary clause is as follows: " As to the residue and remainder of all my estate, both real and personal, not herein otherwise disposed of, it is my will that the same be and remain in the care and control of my said executrix and executors and trustees, and their successors, well and safely invested, until the decease of the last survivor of the life annuitants named in my foregoing will, and that then the said residue and remainder, with all the accumulated interest thereof, shall be equally divided among my grandchildren *per stirpes*, to hold to such grandchildren so distributed, and to their heirs, executors, administrators, and assigns forever."

The first question is whether the interest which the grand-children take is a vested or contingent one. If it is vested, then the further question will remain whether this court has power to order the distribution prayed for, and, if it has, whether it should do so. If it is contingent, then it is manifest that this petition cannot be maintained. The grandchildren may not become entitled to what they now seek to have distributed.

This will has been before this court twice, in *Hale* v. *Hale*, 137 Mass. 168, and *Wardwell* v. *Hale*, 161 Mass. 396. In neither of those cases, however, was the question presented which has now arisen. It has also been before the courts of New York and Illinois. *Hobson* v. *Hale*, 95 N. Y. 588. *Hale* v. *Hale*, 125 Ill. 399, and 146 Ill. 227. In the case in New York, the precise question arose which now comes before us, and it was held that the interest was contingent, the result being that the residuary clause was declared void so far as it related to certain real estate situated in that State, and the grandchildren took as heirs at law, because in that view of the case the power of alienation was suspended beyond the period fixed by statute in that State. That decision is not binding upon us, and it may be that the law as to what constitutes vested and contingent interests is different in that State by reason of the statute from what it is in this State. *Moore* v. *Littel*, 41 N. Y. 66. *Hennessy* v. *Patterson*, 85 N. Y. 91. Gray, Rule against Perpetuities, §§ 107, 108. 4 Kent Com. 203, note 1. But it would be unfortunate if the clause should receive opposite constructions here and there, though that consideration would not justify a conclusion at variance with the principles that have been heretofore established in this State.

We think, however, that the decision by the New York Court of Appeals was correct according to the rules of the common law, and that the interest created by the residuary clause must be regarded as a contingent, and not as a vested one.

The reasons which have led us to this result are as follows.

In the first place, what is to be distributed amongst the grandchildren will consist not only of the residue, and of the legacies that may fall in, but also of the accumulated interest. Plainly this last could not vest at the testator's death, and that tends to show that the vesting of the whole was postponed till the arrival

of the event on which the distribution is made to depend. *Hall* v. *Hall*, 123 Mass. 120, 124.

In the next place, the scheme of the will intends, we think, a contingent interest. The testator provides for his widow and children and grandchildren, and gives various legacies and life annuities, and then, contemplating that a portion of his estate remains undisposed of, and looking forward to the time when the last life annuity shall have ceased and the residue be free for distribution, he directs his trustees then to divide the residue and remainder with its accumulated interest equally amongst his grandchildren. What grandchildren? It seems to us more reasonable to suppose that the grandchildren living at the time of distribution were intended, than the grandchildren living at his death. It is true that there are no words of survivorship, but it is as if the testator took his stand at the time of the death of the last life annuitant, and said, " I direct the remainder and its accumulations to be divided amongst my grandchildren," in which case no words of survivorship would be necessary, and those living then would take. The further words, " their heirs, executors, administrators, and assigns," do not describe or identify those who take, but the quantity of the estate which the legatees take, whoever they may be. *Thomson* v. *Ludington*, 104 Mass. 193.

Again, there are no words of present gift, as there are in many of the cases in this State, in which an interest has been held to be vested, and as there are in other clauses of the will respecting other legacies ; showing that the testator knew how to use apt words for that purpose. The omission of words of present gift, taken in connection with the provision that the care and control of the residue and remainder are to remain in the executors and trustees and their successors, and with the fact that the residue is unascertainable till the time for distribution arrives, also tends, it seems to us, to show that not only was it the intention of the testator to postpone possession, but also the acquisition of an absolute interest.

It is true that this construction leaves the remainder without any limitation over if no grandchildren survives the last life annuitant, and that the children of any grandchild dying before the last life annuitant will not share in the distribution. It is

also true that the law favors vested rather than contingent remainders. But the testator nowhere manifests an intention to provide for his great-grandchildren either before or after the death of the last life annuitant, and in providing for his children and grandchildren he has carried his regard for his descendants as far as the law would have carried its regard for them if he had unintentionally omitted a child from his will, and he well may have been content with that. Pub. Sts. c. 127, § 21. The rule favoring vested rather than contingent remainders yields to the testator's intention. *Knowlton* v. *Sanderson*, 141 Mass. 323.

There are numerous cases in this State in which remainders have been held to be vested. It would serve no useful purpose to attempt to review them all, even if it were possible to do so within proper limits. In some of them it was plain that a vested interest was intended. *Hill* v. *Bacon*, 106 Mass. 578. *Darling* v. *Blanchard*, 109 Mass. 176. In others, as already observed, there were words importing a present gift. *Pollock* v. *Farnham*, 156 Mass 388. *Ballard* v. *Ballard*, 18 Pick. 41. *Shattuck* v. *Stedman*, 2 Pick. 468.

In still others, the devise was to the testator's children, and the general rule prevailed, that in such cases a vested interest will be held to have been intended unless the contrary plainly appears. *Gibbens* v. *Gibbens*, 140 Mass. 102. *Blanchard* v. *Blanchard*, 1 Allen, 223, 227.

In others, again, the ultimate limitation was in terms or effect to the testator's heirs, and in such cases the rule is well established, that generally the persons who take are those who answer to the description at the testator's death. *Whall* v. *Converse*, 146 Mass. 345. *Cummings* v. *Cummings*, 146 Mass. 501.

And still further in others, the will was ambiguous and the intention doubtful, and the cases were determined, in the main, by the application of the rule, that a gift will be regarded, when it properly can be, as a remainder and as vested, rather than as an executory devise and as contingent. *Marsh* v. *Hoyt*, 161 Mass. 459. *Teele* v. *Hathaway*, 129 Mass. 164. *Blanchard* v. *Blanchard*, 1 Allen, 223, 227. *Eldridge* v. *Eldridge*, 9 Cush. 516, 519.

Most, if not all, of the cases cited by the petitioner will fall

within one or another of these classes, and many of them are distinguishable in other respects also from the case at bar. The petitioners rely especially upon *Cummings* v. *Cummings*, 146 Mass. 501, and *White* v. *Curtis*, 12 Gray, 54. *Cummings* v. *Cummings* has already been referred to and distinguished. In *White* v. *Curtis* the remainder was limited upon a life estate, and naturally would take effect at the testator's death. *Abbott* v. *Bradstreet*, 3 Allen, 587.

There are many cases in this State in which the remainders have been held to be contingent, and which tend, we think, to support the conclusion to which we have come, though they are not in all respects precisely like the present case. *Hurlburt* v. *Emerson*, 16 Mass. 241. *Olney* v. *Hull*, 21 Pick. 311. *Rich* v. *Waters*, 22 Pick. 563. *Winslow* v. *Goodwin*, 7 Met. 363. *Houghton* v. *Kendall*, 7 Allen, 72. *Amory* v. *Leland*, 12 Allen, 281. *Thomson* v. *Ludington*, 104 Mass. 193. *Hall* v. *Hall*, 123 Mass. 120. *Denny* v. *Kettell*, 135 Mass. 138. *Knowlton* v. *Sanderson*, 141 Mass. 323. *Proctor* v. *Clark*, 154 Mass. 45. *Peck* v. *Carlton*, 154 Mass. 231.

Taking the residuary clause in connection with the rest of the will, and looking at the will as a whole, it seems to us, that the word " then " in the residuary clause has reference not only to the period of distribution, but also to the persons who shall take, though there is no doubt that in some instances it has been construed in the former sense only.

It is not necessary for us to consider how or by what title the executors and trustees hold the residue and remainder.

The view which we have taken of the nature of the interest created by the residuary clause renders it unnecessary to consider the remaining question as to the power of this court to order a partial distribution, and the propriety of doing so if it has the power.

The result is that the bill must be dismissed, and it is so ordered.

*Bill dismissed.*