VERNON H. HALL & another, trustees, *vs.* LEWIS G. FARMER & others, trustees in bankruptcy.

Middlesex.          October 19, 1917. — January 4, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Trust*, When future estate vests. *Deed. Bankruptcy*, Rights of trustee. *Words*, "Then."

A deed made by an unmarried man conveying property to a trustee to pay the income to the settlor during his life and upon his death to distribute the trust fund among his children if he should leave any, the issue of any deceased child to take the share of such child by right of representation, and "if he [the settlor] shall leave no issue to distribute said trust fund among those who would take his real and personal property if he had then died intestate," where the settlor died without issue leaving as those who would take his property if he had died intestate two brothers and a sister, of whom one brother had been adjudged a bankrupt two years before the settlor's death, gave the bankrupt brother no vested interest in the trust fund before the persons who were to take that fund were determined upon the death of the settlor, and therefore his trustee in bankruptcy has no claim upon the fund.

BILL IN EQUITY, filed in the Probate Court for the county of Middlesex on March 3, 1917, by the trustees under a deed of trust dated January 2, 1905, made by Horace Hall, then of Medford, afterwards and at the time of his death on February 10, 1916, a resident of Meddybemps in the State of Maine, for instructions, naming as respondents R. Linzee Hall, who was adjudicated a bankrupt on June 8, 1914, and his trustees in bankruptcy.

The Probate Court made a decree instructing the plaintiffs that R. Linzee Hall was entitled to one third of the trust fund in his individual capacity. His trustees in bankruptcy appealed.

On appeal the case was heard by *Loring*, J., who reserved it for determination by the full court. The material facts are stated in the opinion.

*L. G. Farmer, C. Hunneman & D. Stoneman,* for the trustees in bankruptcy, submitted a brief.

*C. B. Gleason,* for the defendant R. Linzee Hall.

Rugg, C. J. This is a bill for instructions by trustees under a deed of trust. Horace Hall, the settlor, by deed conveyed property to the trustees in 1905 upon three trusts (1) to pay the income to him, Horace Hall, the settlor, during his life, (2) to divide the corpus of the trust upon his death "among his children if he shall leave any," the issue of any deceased child to take by right of representation the share which their parent would have taken, and (3) "if he shall leave no issue to distribute said trust fund among those who would take his real and personal property if he had then died intestate." The settlor died on February 10, 1916, without issue, never having married, leaving as those who would take his property if he had died intestate two brothers and a sister. The controversy arises as to the payment of the one third share of the trust fund which without question would go to R. Linzee Hall, one of these brothers, but for the fact that he was adjudged a bankrupt in 1914. His trustees in bankruptcy contend that this one third should be paid to them on the ground that it was a remainder vesting in him on the delivery of the trust deed, while R. Linzee Hall claims that share in his own right on the ground that nothing vested in him until the decease of the settlor.

The words of the trust instrument now operative were used, not in a will, but in a deed. The persons who would inherit his real and personal property if the settlor died intestate could not by any means be ascertained until he died. He was not dead, but alive, when the deed took effect and the estates created by it were established. He had no heirs then. He could have no heirs until he died. The most he could have would be prospective heirs. But whether R. Linzee Hall ever would be his heir was contingent, first, upon R. Linzee Hall surviving the settlor, second, upon the settlor leaving no child or children and third, upon the settlor leaving no issue of any deceased child. These events must of necessity all remain uncertain until the death of the settlor. Manifestly the word "then" as used by the settlor in the phrase "if he had then died intestate," must refer to the time of the settlor's death. It can have no rational reference to any other point of time. It is not used here, as it often is, to state a consequence of an event, but to fix a time for the ascertainment of the persons to enjoy the benefactions. *Boston Safe Deposit &*

*Trust Co.* v. *Blanchard,* 196 Mass. 35, 39. The facts that the settlor was the sole beneficiary of the trust during his life, that he was unmarried, that he gave the fund to his children, if he should marry and leave such at his death, and that in the event of the decease of children he gave the fund to the issue of his deceased child or children, all tend to show that the persons entitled to receive the fund are to be determined on the footing that the settlor had retained title until his death and then had died intestate.

The case at bar comes directly within the rule stated by Chief Justice Morton in *Putnam* v. *Story,* 132 Mass. 205, 210, in these words: "In the case of a devise or bequest to a man for life and at his death to his heirs, it is true that, if he has no children at the death of the testator, his heirs presumptive would not take a vested interest, because there is the contingency that they may be supplanted or displaced as heirs presumptive by the birth of children to the life tenant, and therefore that they may never take at all, even if they survive the life tenant."

The review of cases in *Clarke* v. *Fay,* 205 Mass. 228, demonstrates that the right of R. Linzee Hall under this deed was contingent and in no sense vested until the decease of the settlor. *Wood* v. *Bullard,* 151 Mass. 324. *Bigelow* v. *Clap,* 166 Mass. 88. *Wason* v. *Ranney,* 167 Mass. 159. *Putnam* v. *Gleason,* 99 Mass. 454. *Lavery* v. *Egan,* 143 Mass. 389. *White* v. *Underwood,* 215 Mass. 299. *Dove* v. *Torr,* 128 Mass. 38, is not similar to the case at bar in its decisive factors. In that case "then" indicated the point of time at which the enjoyment of an ascertained estate in remainder should begin, the persons entitled to that enjoyment being already determined.

It follows that since no interest in the fund vested in R. Linzee Hall until the death of the settlor the decree of the Probate Court was right and is

*Affirmed.*